340 P.3d 380

**State of Arizona ex rel. Sheila Sullivan POLK, Yavapai County Attorney, Petitioner,**

v.

**The Honorable Celé HANCOCK, Judge of the Superior Court of the State of Arizona, in and for the County of Yavapai, Respondent Judge,**

**Jennifer Lee Ferrell, Real Party in Interest.**

**No. 1 CA–SA 13–0292.**

Court of Appeals of Arizona, Division 1.

Feb. 18, 2014.

As Amended Feb. 18, 2014.

Yavapai County Attorney's Office By Dennis M. McGrane, Prescott, Counsel for Petitioner.

Yavapai County Public Defender's Office By Jared G. Keenan, Prescott, Counsel for Real Party in Interest.

Arizona Attorneys for Criminal Justice, Tucson By David J. Euchner, Sarah L. Mayhew, Joel M. Chorny, Tucson, Amicus Curiae.

Judge JON W. THOMPSON delivered the opinion of the Court, in which Presiding Judge LAWRENCE F. WINTHROP joined. Judge MARGARET H. DOWNIE specially concurred.

## OPINION

THOMPSON, Judge.

¶ 1 This case comes before us as a standoff between the Yavapai County Attorney's Office (the County Attorney) and the Yavapai County Superior Court. The County Attorney recently adopted a policy that all plea agreements would include the following provision ("marijuana provision"): "Defendant shall not buy, grow, possess, consume, or use marijuana in any form, whether or not Defendant has a medical marijuana card issued by the State of Arizona pursuant to A.R.S. § 36–2801, et seq."[1] After accepting a plea

---

1. As of 2010 the Arizona Medical Marijuana Act (AMMA), at Arizona Revised Statutes (A.R.S.) § 36–2801 et seq. (Supp.2013) and pursuant to an initiative of the voters, legalized the possession and use of marijuana in certain circumstances. The AMMA allows a person with a debilitating medical condition to obtain an iden-tification card that permits possession and use of marijuana in certain amounts for medicinal purposes without fear of "arrest, prosecution or penalty in any manner, or denied any right or privilege, including any civil penalty or disciplinary action by a court." A.R.S. §§ 36–2801(1), (9), (13), (14), –2804.02, –2811(D).

in the above matter, the trial judge struck the marijuana provision as an illegal condition of probation and as a violation of its judicial authority under the separation of powers doctrine and the Rules of Criminal Procedure. Sheila Polk, the Yavapai County Attorney, then notified the trial judge that she would, from then on, divert all change of plea cases in order to find another judge more agreeable to the probation term. This special action followed.

¶ 2 We accept special action jurisdiction and hold that the trial judge must view the marijuana provision on an individualized, case-by-case, basis rather than making a blanket determination that such a term is never appropriate for any defendant. While such a term will not be appropriate in all cases, in this driving under the influence (DUI) case there is a rational relationship between the marijuana provision and the charges brought against real-party-in-interest Jennifer Ferrell (defendant). Therefore, the trial judge's striking of the stipulated term of probation is reversed.

## JURISDICTION

¶ 3 Special action jurisdiction is available when there is no other equally plain, speedy or adequate remedy by appeal. Ariz. R.P. Spec. Act. 1(a). Special action jurisdiction is appropriately invoked when there is an issue of first impression and state wide importance. *See State v. Bernini,* 230 Ariz. 223, 225, ¶ 5, 282 P.3d 424, 426 (App. 2012) (taking special action jurisdiction in consideration of a reoccurring sentencing issue). Relief is appropriate if the trial court abused its discretion by committing an error of law or proceeded in excess of legal authority.[2] *See* Ariz. R.P. Spec. Act. 3.

¶ 4 Both parties and the Amicus urge us to exercise our discretion to accept special action jurisdiction as this is a recurring issue under the County Attorney's policy to include the marijuana provision as a probation condition in every plea agreement. We agree that special action jurisdiction is appropriate.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 5 On October 26, 2012, in Yavapai County, law enforcement arrived on scene to find a vehicle in a ditch alongside the road. The driver, defendant, was asleep or passed out across the front seat. The officer smelled the odor of an intoxicating beverage and burnt marijuana. Both alcohol and marijuana were present in the vehicle, as were two marijuana pipes. The officer conducted a horizontal gaze nystagmus test and defendant showed signs of being impaired. Defendant was arrested after putting up a small struggle. Upon testing, her blood alcohol content registered at .237.

¶ 6 Defendant was indicted on charges of aggravated assault, resisting arrest, possession of marijuana, possession of drug paraphernalia, DUI, and consumption or possession of liquor while in a motor vehicle. The County Attorney filed notice of a historical felony for a robbery in Alaska and notice of two prior misdemeanors, including a DUI conviction in 2000.

¶ 7 In May 2013, the parties entered into a plea agreement which included the County Attorney's marijuana provision. In exchange for the plea to DUI, attempted aggravated assault on a peace officer and resisting arrest, the County Attorney agreed to dismiss the remaining counts and the allegations of the prior felony and misdemeanors. The trial judge found a factual basis and accepted the plea. Prior to sentencing, defendant moved to have the marijuana condition removed; briefing and argument followed.[3] By that time, the trial judge was aware that the County Attorney had begun inserting the same probation condition in all Yavapai County plea agreements.

---

2. An abuse of discretion occurs when a decision is characterized by arbitrariness, capriciousness or a failure to conduct an adequate investigation into the relevant facts and circumstances necessary for an intelligent exercise of sound discretion. *See State v. Stotts,* 144 Ariz. 72, 87, 695 P.2d 1110, 1125 (1985).

3. Defendant has a medical marijuana card first issued in 2012 by a licensed medical doctor and she asserts that she has a documented medical history of unsatisfactory results when using narcotics for pain relief.

¶ 8 After briefing and argument, the trial judge struck the probation condition as illegal, stating:

My issue with this paragraph is that it makes a condition of probation mandatory on the court and it prevents the court from ever modifying this condition of probation. Pursuant to [A.R.S. § ] 13–901 and *[State v.] Rutherford* and the other rules that I've cited, I don't believe that you can have a stipulation that you can bind the court.

¶ 9 The trial judge denied the County Attorney's motion to withdraw the plea. On or around October 25, 2013, the County Attorney sent an email to the trial judge and others titled "Plea Agreements and my position on the ban on marijuana provision" in which she explained that marijuana continues to be banned by federal law and is, she believes, a harmful addictive substance. For that reason, the County Attorney instructed her prosecutors to include the standard marijuana provision in every plea agreement and, as to Judge Hancock, to "not allow any further COP's [change of pleas] in your division" and she "will instruct [her] attorneys to ask for a 17.4 conference in another division in hopes that the new division will be agreeable to that stipulated term of probation." [4]

¶ 10 The County Attorney filed this special action. Sentencing has been stayed by this court pending resolution of this matter.

## DISCUSSION

### The Parties' Positions

 ¶ 11 The County Attorney argues that the trial judge erred in finding the parties could not negotiate and reach a plea agreement that included the marijuana provision as a special condition of probation. The County Attorney further argues that the trial judge abused her discretion in denying its motion to withdraw from the plea after striking the special condition.

¶ 12 Defendant argues that a blanket prohibition of the lawful use of medical marijuana is against public policy and contrary to the aims of probation. Defendant further argues that the Arizona Medical Marijuana Act is a valid exercise of the state's police power, that Arizona's Attorney General has issued an opinion (No. I12–001) that use of marijuana by a qualifying patient is not preempted by federal law, and that the court's role required it to strike this illegal probation condition while keeping the balance of the plea agreement in effect.

¶ 13 As indicated above, the trial judge determined that the marijuana provision in the plea agreement was an illegal stipulation pursuant to *State v. Rutherford*, 154 Ariz. 486, 489, 744 P.2d 13, 16 (App.1987), A.R.S. § 13–901 (2010) (probation statutes), and the Rules of Criminal Procedure as well as an unconstitutional violation of the separation of powers doctrine.

¶ 14 This is an issue of first impression; each of the parties raise valid but competing points. We, therefore, begin by examining the bases for some of the parties' competing assertions.

### The Nature of Plea Agreements

¶ 15 The County Attorney primarily argues that, as the executive branch, it is free to negotiate plea agreements as it sees fit and the court may either accept or reject the plea. The County Attorney argues that special conditions of probation have been stipulated to in the past and this insertion of the marijuana provision is no different.

 ¶ 16 Plea agreements are "an essential part of the criminal process and can enhance judicial economy, protect the resources of the State, and serve the ends of justice for the defendant, the State and the victim." *Espinoza v. Martin*, 182 Ariz. 145, 147, 894 P.2d 688, 690 (1995) (citation omitted). Yet, defendants have no constitutional right to a plea agreement; the executive, in the form of the prosecutor, has the prerogative of deciding whether or not to offer a plea. *State v. Morse*, 127 Ariz. 25, 31–32, 617 P.2d 1141, 1147–48 (1980). When the state offers a plea, as noted by the County Attor-

4. The email further outlined how her office planned to handle EDC's (early disposition con-
ferences) when Judge Hancock was presiding.

ney, it is generally free to include the conditions and terms it deems appropriate, even harsh or coercive ones, so long as the defendant is free to accept or reject the offer. *See id.; see also State v. Oatley*, 174 Ariz. 124, 125, 847 P.2d 625, 626 (App.1993); *State v. McInelly*, 146 Ariz. 161, 165, 704 P.2d 291, 295 (App.1985).

¶ 17 When parties do participate in plea negotiations, Arizona Rule of Criminal Procedure 17.4 (Rule 17.4) governs. The parties' right to negotiate a plea is expressly provided for in Rule 17.4(a) which states the parties may negotiate on any and all aspects of the case. *State v. Liberty Bail Bonds*, 233 Ariz. 474, 478, ¶ 13, 314 P.3d 820, 824 (App. 2013); *Rutherford*, 154 Ariz. at 488–89, 744 P.2d at 15–16; *see also* Ariz. R.Crim. P. 17.4(a), comment ("Plea bargaining and plea agreements may cover any and all aspects of the disposition of the case."). Then, the judge determines whether to "accept or reject the tendered negotiated plea." Ariz. R.Crim. P. 17.4(d). The prosecutor has a duty to make an individualized determination of what is reasonably beneficial to the public good given the nature of the specific defendant and crimes [5] and trial judges are required to give "individualized consideration" to plea agreements presented to them.[6] *See e.g., Espinoza*, 182 Ariz. at 148, 894 P.2d at 691 (each trial judge must "consider the particular circumstances of the case" and weigh the merits of each individual plea); *State v. City Court of Tucson*, 150 Ariz. 99, 101–02, 722 P.2d 267, 269–70 (1986) (each prosecutor is obligated to "exercise his or her profes-

sional judgment on a case by case basis"). If they do not, they err.

## The Nature of Probation and Separation of Powers

¶ 18 As the trial judge correctly noted, probation is statutory and the grant or revocation of probation is within the sound discretion of the courts. *State v. Smith*, 112 Ariz. 416, 419, 542 P.2d 1115, 1118 (1975) ("Probation is a matter of legislative grace."). The Arizona Legislature has authorized both the grant and revocation of probation through the enactment of A.R.S. § 13–901. The supreme court has promulgated rules regulating probation and probation revocation. Ariz. R.Crim. P. 27. While the statutory authority to make probation decisions "is solidly within the scope of the judiciary's authority," *State v. Lyons*, 167 Ariz. 15, 16, 804 P.2d 744, 745 (1990), the trial judge does not have unlimited power or discretion in probation proceedings. *See Green v. Superior Court*, 132 Ariz. 468, 471, 647 P.2d 166, 169 (1982).

¶ 19 The trial judge asserted that when the County Attorney routinely imposes a marijuana provision in the plea it interferes with the statutory power granted to the judiciary by the legislature to make probation decisions and, therefore, violates separation of powers. To this end, the trial judge cited *Rutherford*, which stated "Any further attempt by the prosecutor to control the conditions of probation would be an infringement on the court's jurisdiction over probationers." 154 Ariz. at 489, 744 P.2d at 16, *citing Green*, 132 Ariz. at 470, 647 P.2d at 168.

5. Under *Espinoza*, the parties are entitled to have the trial court give individualized consideration to a plea agreement brought before it. The foregoing presumes that the prosecutor has given individualized consideration to the plea agreement presented to the court. Here, the judge was made aware both in the Response to Defendant's Motion to Remove Plea Stipulation and in the argument before her, that "[d]efendant was engaging in polysubstance abuse, to include marijuana, which led to her being passed out on the side of a major highway, and assaulting an officer." Thus, the prosecution demonstrated that the marijuana provision, upon consideration of the circumstances of this case, reflected a reasonable concern by the prosecutor for the public safety.

6. The County Attorney asserts that stipulated probation terms are not unusual and courts do routinely accept them, "[f]or example, in probation eligible plea offers involving sex offenders, the State generally requires the defendant agree to the State's sex offender's terms of probation." The County Attorney's point is well-taken when specialized terms of probation are appropriately required of individual defendants convicted of corresponding specific crimes, such as sex offenses. It is another matter to apply such terms of probation to all defendants, without individualized consideration of pertinent circumstances.

¶ 20 Article 3, of the Arizona Constitution provides:

> The powers of the government of the state of Arizona shall be divided into three separate departments, the legislative, the executive, and the judicial; and, except as provided in this constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others.

The essential purpose of the separation of powers doctrine is "to allow for independent functioning of each coequal branch of government within its assigned sphere of responsibility, free from risk of control, interference, or intimidation by other branches." *Nixon v. Fitzgerald,* 457 U.S. 731, 760–61, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982). A violation of the separation of powers doctrine occurs when one branch of government usurps another branch's power or prevents the other from exercising its authority. *E.g., J.W. Hancock Enters. v. Ariz. Registrar of Contractors,* 142 Ariz. 400, 404–05, 690 P.2d 119, 123–24 (App.1984); *see also State ex rel. Woods v. Block,* 189 Ariz. 269, 276–78, 942 P.2d 428, 435–37 (1997) (using a four-part test to evaluate separation of powers claims: (1) the nature of the power being exercised; (2) the degree of control of another branch; (3) the purpose of the legislation; and (4) the practical consequences of the action).

### No Blanket Provisions

¶ 21 The parties to this action come before us seeking authority to make blanket determinations. The County Attorney seeks to have us determine that she may include the marijuana provision in each and every plea agreement made in Yavapai County. Defendant wants a determination that such a provision would never be acceptable because this state has adopted the AMMA. The trial judge's ruling indicates a belief that any imposition of the marijuana provision would eviscerate its statutory authority regarding the imposition and modification of probation. None of these blanket positions are sustainable.

¶ 22 Although this is a case of first impression, Arizona cases have previously examined situations where one branch tried to impose a blanket policy to the detriment of the other. In each of those cases, as here, such a policy must fail.

¶ 23 In *Espinoza,* the Arizona Supreme Court determined that a superior court policy to summarily reject all plea agreements that contained stipulated sentences violated Rule 17.4. 182 Ariz. at 146, 894 P.2d at 689. In its analysis, the court interpreted Rule 17.4 as "guaranteeing the parties the right to present their negotiated agreement to a judge, to have the judge consider the merits of that agreement *in light of the circumstances of the case,* and to have the judge exercise his or her discretion with regard to the agreement." *Id.* at 147, 894 P.2d at 690 (emphasis added). Trial judges are required to give "individualized consideration" to plea agreements before accepting or rejecting them. *Id.* at 148, 894 P.2d at 691. The supreme court held that the trial judge must "review the plea agreement to see if the ends of justice and the protection of the public are being served by such agreement." *Id.* at 147, 894 P.2d at 690 (quoting *State v. Superior Court (Williams),* 125 Ariz. 575, 577, 611 P.2d 928, 930 (1980) (rejected on other grounds, *Smith v. Superior Court,* 130 Ariz. 210, 212, 635 P.2d 498, 500 (1981))).

¶ 24 Similarly, in *State v. City Court of Tucson,* the Arizona Supreme Court examined a city prosecutor's policy to routinely disqualify a certain judge in DUI matters until he could be "re-educate[d]" and until his "approach to the law changed." 150 Ariz. at 101–02, 722 P.2d at 269–70 (addressing whether the trial court could require affirmation from counsel under Rule of Criminal Procedure 10.2 that the notice to strike was filed in good faith). The supreme court stated: (1) any such blanket policy infringed upon the obligation of each prosecutor to "exercise his or her individual professional judgment on a case by case basis," and (2) the policy was an "improper attempt to influence a judge in his judicial decisions." *Id.* at 102, 722 P.2d at 270; *see, e.g., Bergeron ex rel. Perez v. O'Neil,* 205 Ariz. 640, 74 P.3d 952 (App.2003) (addressing allegations of

routine challenges of certain Pinal County judges).

¶ 25 A blanket policy that includes a marijuana provision in all plea agreements will not satisfy the prosecutor's duty to make an individualized determination of what is reasonably beneficial to the public good given the nature of the specific defendant and crimes. *See e.g., Williams,* 125 Ariz. 575, 611 P.2d 928.[7] We, therefore, disapprove of the County Attorney's blanket policy of putting the marijuana provision in all plea agreements.

¶ 26 In this DUI matter with marijuana implications and a prior DUI conviction, the trial judge erred by automatically rejecting the marijuana provision rather than engaging in an individualized analysis as to whether the condition was reasonable as to this defendant. Further, we find that in this case the record supports the County Attorney's use of this condition as to defendant. It is clearly inferable that defendant drove recklessly and engaged in disruptive behavior with the investigative officer consequent to her ingestion of alcohol and marijuana. It is reasonable in light of the needs of public safety that probation in her case be conditioned on non-use of an intoxicant such as marijuana.

## CONCLUSION

¶ 27 For the above stated reasons, the trial judge's striking of the marijuana provision in this matter is reversed.

---

7. And the County Attorney cannot brush aside the requirement for individualized consideration by reference to federal criminality under the Controlled Substances Act given the Department of Justice policy on prosecution. On August 29, 2013, the Department of Justice issued a memorandum to all United States Attorneys called "Guidance Regarding Marijuana Enforcement" which updated prior communications concerning marijuana enforcement under the federal Controlled Substances Act. That memorandum outlined federal priorities, including preventing the distribution of drugs to minors and preventing revenue to criminal gangs and cartels, before concluding that in jurisdictions with enacted laws legalizing marijuana that "enforcement of state law by state and local law enforcement and regulatory bodies should remain the primary means of addressing marijuana-related activity" so long as there exists a strong and effective state regulatory and enforcement system that addresses public safety, public health and other law enforcement interests. The memorandum also explained that "the Department of Justice has not historically devoted resources to prosecuting individuals whose conduct is limited to possession of small amounts of marijuana for personal use on private property" and clarified its prior memorandum which advised "it likely was not an efficient use of federal resources to focus enforcement efforts on seriously ill individuals, or on their individual caretakers" by advising a case by case analysis, including "whether [a sales] operation is demonstrably in compliance" with the state regulatory system.

DOWNIE, Judge, specially concurring:

¶ 28 I concur with the majority's analysis but write separately because the language of the plea agreement gives rise to the separation of powers concerns articulated by the superior court. The agreement provides, in pertinent part:

> As a condition of any grant of probation in this matter, *the Court shall include the following term of probation:*

> Defendant shall not buy, grow, possess, consume, or use marijuana in any form, whether or not Defendant has a medical marijuana card issued by the State of Arizona pursuant to A.R.S. § 36–2801, et seq. (or its equivalent under another state's laws).

(Emphasis added).

¶ 29 Other provisions of the plea agreement memorialize terms to which the parties have agreed (e.g., "Defendant agrees to make a factual basis for the change of plea;" "The parties stipulate that as to Count 5, Defendant must pay" certain fines/fees). In contrast, the so-called "marijuana provision" purports to bind the superior court—a nonparty to the agreement.

¶ 30 The superior court's concerns about the highlighted language can be ameliorated by including the marijuana provision (in appropriate cases) as an agreement between the parties. Although the language at issue is problematic, affirming the decision to strike the marijuana provision would elevate form over substance. Defendant clearly

agreed to the term by signing the plea agreement.