IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STATE OF ARIZONA EX REL. SHEILA SULLIVAN POLK, YAVAPAI COUNTY
ATTORNEY,
*Petitioner,*

*v.*

THE HONORABLE CELÉ HANCOCK, JUDGE OF THE SUPERIOR COURT OF THE
STATE OF ARIZONA, IN AND FOR THE COUNTY OF YAVAPAI,
*Respondent Judge,*

JENNIFER LEE FERRELL,
*Real Party in Interest.*

No. CV-14-0084-PR
Filed April 7, 2015

Appeal from the Superior Court in Yavapai County
The Honorable Celé Hancock, Judge
No. CR201300261
**AFFIRMED IN PART, REVERSED IN PART**

Opinion of the Court of Appeals, Division One
236 Ariz. 301, 340 P.3d 380 (App. 2014)
**VACATED**

COUNSEL:

Sheila Sullivan Polk, Yavapai County Attorney, Dennis M. McGrane
(argued), Chief Deputy County Attorney, Prescott, Attorneys for Sheila
Sullivan Polk

Yavapai County Public Defender, Jared G. Keenan (argued), Deputy Public
Defender, Prescott, Attorneys for Jennifer Lee Ferrell

David J. Euchner (argued) and Sarah L. Mayhew, Tucson, Attorneys for
Amicus Curiae Arizona Attorneys for Criminal Justice

Thomas W. Dean, Phoenix, Attorney for Amicus Curiae National
Organization for the Reform of Marijuana Laws

JUSTICE TIMMER authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER and JUSTICES BERCH and BRUTINEL concurred.

JUSTICE TIMMER, opinion of the Court:

**¶1**     Under the Arizona Medical Marijuana Act ("AMMA"), A.R.S. §§ 36-2801 to -2819, a registered qualifying patient cannot be "arrest[ed], prosecut[ed] or penal[ized] in any manner" or denied "any right or privilege" for authorized medical marijuana possession and use. A.R.S. § 36-2811(B). We must decide whether this provision prohibits a trial court from forbidding AMMA-compliant marijuana use as a condition of probation. If the condition is prohibited, we must also decide whether the state can withdraw from a plea agreement after the trial court rejects a term that prohibits medical marijuana use.

## I. BACKGROUND

**¶2**     In 2012, a police officer arrested Jennifer Ferrell after finding her unconscious in the front seat of a car parked off a road. The State charged Ferrell with multiple offenses, including driving under the influence ("DUI"). At the time of her arrest, Ferrell had a registry identification card, which allowed her to use medical marijuana in compliance with AMMA.

¶3            In exchange for dismissal of the remaining charges, Ferrell agreed to plead guilty to three charges, including DUI.  She signed a plea agreement containing the following condition ("Marijuana Condition"), which the Yavapai County Attorney places in all plea agreements:

> As a condition of any grant of probation in this matter, the Court shall include the following term of probation:
> Defendant shall not buy, grow, possess, consume, or use marijuana in any form, whether or not Defendant has a medical marijuana card issued by the State of Arizona pursuant to A.R.S. § 36-2801, et seq. (or its equivalent under another state's law).

¶4            The trial court accepted the negotiated guilty pleas and scheduled a sentencing date.  Before sentencing, Ferrell moved to strike the Marijuana Condition as prohibited by AMMA.  The court did not address AMMA but nevertheless struck the Marijuana Condition, reasoning that although the State was free to recommend probation conditions, it could not require the court to impose them.  The State moved to withdraw from the plea agreement, but the court denied the request.

¶5            On special action review, the court of appeals did not address whether the Marijuana Condition violates AMMA.  Instead, it disapproved the Yavapai County Attorney's use of a blanket policy to include the Marijuana Condition in all plea agreements.  *Polk v. Hancock*, 236 Ariz. 301, 307 ¶ 25, 340 P.3d 380, 386 (App. 2014).  The court held, however, that the

3

trial court erred by failing to consider the appropriateness of the Marijuana Condition on a case-by-case basis. *Id.* at 302 ¶ 2, 340 P.3d at 382. Because the court concluded that the condition was justified in a DUI case, it reversed the trial court's ruling and reinstated the provision. *Id.* The trial court has stayed sentencing until our disposition of the case.

¶6        We granted Ferrell's petition and the State's cross-petition for review because the impact of AMMA on plea agreements presents recurring issues of statewide importance. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution.

## II. DISCUSSION

### A. Validity of the Marijuana Condition Under AMMA

¶7        In 2010, Arizona voters adopted AMMA by passing Proposition 203, codified at A.R.S. §§ 36-2801 to -2819. The Act authorizes a person with a debilitating medical condition to obtain a registry identification card, which allows that person to possess and use limited amounts of marijuana for medical reasons without fear of "arrest, prosecution or penalty in any manner." A.R.S. §§ 36-2804.02, -2811(B). A registered qualifying patient also cannot be denied "any right or privilege . . . by a court" for the patient's medical use of marijuana. *Id.* § 36-2811(B)(1).

¶8        Ferrell argues that the Marijuana Condition conflicts with AMMA by penalizing her for lawful possession and use of medical marijuana.  For the reasons explained in *Reed-Kaliher v. Hoggatt*, ___ Ariz. ___, ___ P.3d ___ (2015), filed contemporaneously with this opinion, we hold that § 36-2811(B)(1) prohibits a trial court from conditioning probation on refraining from possessing or using medical marijuana in compliance with AMMA.

¶9        The State nevertheless argues that Ferrell waived her AMMA rights by agreeing to the Marijuana Condition.  A defendant generally can waive statutory and constitutional rights as part of a plea agreement.  *Cf. State v. Allen*, 223 Ariz. 125, 127 ¶ 13, 220 P.3d 245, 247 (2009) (acknowledging that a defendant waives several constitutional rights when pleading guilty).  But a defendant cannot do so in contravention of an identifiable public policy.  *Cf. State v. Ethington*, 121 Ariz. 572, 573–74, 592 P.2d 768, 769–70 (1979) (holding that, as a matter of public policy, a defendant cannot bargain away the right to appeal); *see also CSA 13-101 Loop, LLC v. Loop 101, LLC*, 236 Ariz. 410, 412 ¶ 6, 341 P.3d 452, 454 (2014) ("Contract provisions are enforceable unless prohibited by law or otherwise contrary to identifiable public policy.").  By adopting AMMA, voters established as public policy that qualified patients cannot be penalized or

5

denied any privilege as a consequence of their AMMA-compliant marijuana possession or use. This policy would be severely compromised if the state and a defendant could bargain away the defendant's ability to lawfully use medical marijuana.

¶10　　　　Also, parties cannot confer authority on the court that the law proscribes. *Special Fund Div., Indus. Comm'n v. Tabor*, 201 Ariz. 89, 93 ¶ 24, 32 P.3d 14, 18 (App. 2001). The trial court's authority to grant probation is constrained by statutes. *State v. Jordan*, 120 Ariz. 97, 98, 584 P.2d 561, 562 (1978). Because § 36-2811(B) prohibits the court from conditioning probation on a defendant refraining from AMMA-compliant marijuana use, *see Reed-Kaliher*, ___ Ariz. at ___ ¶ 10, ___ P.3d at ___, the parties to a plea agreement cannot confer this authority on the court.

¶11　　　　The Marijuana Condition, as applied to AMMA-compliant use, is an illegal term, and the trial court correctly rejected it. In light of our holding, we need not address whether the court of appeals correctly disapproved the Yavapai County Attorney's use of a blanket policy to include the Marijuana Condition in Ferrell's plea agreement.

### B. Withdrawal by State from Plea Agreement

¶12　　　　The State argues that it was entitled to withdraw from the plea agreement after the trial court granted Ferrell's motion to strike the

Marijuana Condition. Because the court's ruling did not depend on the resolution of any factual issues, we review the ruling de novo as a matter of law. *See State v. Gonzalez-Gutierrez*, 187 Ariz. 116, 118, 927 P.2d 776, 778 (1996).

**1.**

**¶13** The state and a defendant "may negotiate concerning, and reach an agreement on, any aspect of the case," Ariz. R. Crim. P. 17.4(a), except as limited by public policy or the law, *cf. State v. Rutherford*, 154 Ariz. 486, 488, 489 n.1, 744 P.2d 13, 15, 16 n.1 (1987) (observing that while Rule 17.4(a) permits plea agreements on "any aspect" of a case, that authorization is constrained by public policy). Once the parties enter into a written plea agreement, the trial court can either accept the plea or reserve acceptance until a later date. *Dominguez v. Meehan*, 140 Ariz. 329, 331, 681 P.2d 912, 914 (App. 1983), *adopted and approved*, 140 Ariz. 328, 681 P.2d 911 (1984). Once the court accepts a plea, it is bound by all provisions of the plea agreement except those concerning the sentence or the term and conditions of probation. Ariz. R. Crim. P. 17.4(d); *Williams v. Superior Court*, 130 Ariz. 209, 210, 635 P.2d 497, 498 (1981).

**¶14** A party's ability to withdraw from a plea agreement depends on whether the court has accepted the plea, which then constitutes a

conviction. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969) ("A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment."). Either party may revoke the agreement before acceptance by the court. Ariz. R. Crim. P. 17.4(b). The defendant may withdraw a plea after the court's acceptance only if the court has rejected a provision in the plea agreement regarding the sentence or the term and conditions of probation. Ariz. R. Crim. P. 17.4(e), 17.5. If the defendant withdraws the plea, the plea agreement is voided, returning the parties to their original positions. *Dominguez*, 140 Ariz. at 331, 681 P.2d at 914.

¶15        Unlike the defendant, the state generally cannot withdraw from an agreement if the court rejects a provision regarding the sentence or the term and conditions of probation because jeopardy has attached, and proceeding to trial would place the defendant in double jeopardy in violation of the state and federal constitutions. U.S. Const. amend. V; Ariz. Const. art. 2, § 10; *see also Williams*, 130 Ariz. at 210, 635 P.2d at 498 ("Rejecting the plea after acceptance and setting the case for trial constitutes double jeopardy."); *Dominguez*, 140 Ariz. at 331, 681 P.2d at 914. If the defendant waives double jeopardy protection, however, then the state can withdraw from the plea agreement. *See Ricketts v. Adamson*, 483 U.S. 1, 9–

10 (1987); *see also Dominguez*, 140 Ariz. at 332, 681 P.2d at 915 ("Just as the [defendant] may waive other constitutional rights he may waive double jeopardy.").

¶16 In *State v. Superior Court*, this Court stated, without limitation, that Rule 17.4(e) implicitly authorizes the state to withdraw after the court rejects a plea agreement or any of its provisions. 125 Ariz. 575, 578, 611 P.2d 928, 931 (1980), *rejected on other grounds by Smith v. Superior Court*, 130 Ariz. 210, 212, 635 P.2d 498, 500 (1981). The authority conferred by Rule 17.4(e), however, does not override a defendant's double jeopardy rights. We disapprove of *State v. Superior Court* to the extent it suggests that Rule 17.4(e) authorizes the state to withdraw from a plea agreement and continue the prosecution in violation of a defendant's unwaived double jeopardy rights.

**2.**

¶17 The State does not address the Double Jeopardy Clause restrictions on its ability to withdraw from the plea agreement. Nevertheless, it argues that the trial court was required to permit withdrawal because Ferrell agreed that the State could withdraw if the trial court rejected any provision of the agreement, including the Marijuana Condition. Paragraph seven of the agreement provides as follows:

9

> If, after accepting this Plea Agreement, the Court concludes that any of its provisions regarding the sentence or the term and conditions of probation are inappropriate, it can reject the plea, giving the State and Defendant each an opportunity to withdraw from the Plea Agreement. In the event this Plea Agreement is withdrawn, all original charges will be automatically reinstated.

¶18 Although this provision, which parrots paragraph seven of court-recommended form 18(a), *see* Ariz. R. Crim. P. 41, is not a model of clarity, Ferrell does not dispute that it provides that the State may withdraw from the agreement upon the court's rejection of an agreed-upon term. She argues, however, that double jeopardy protection is waived only when a defendant breaches the plea agreement or negotiates in bad faith, neither of which occurred here.

¶19 We are guided by the court of appeals' decision in *Dominguez*, which this Court adopted. 140 Ariz. at 328, 681 P.2d at 911. The trial court in that case accepted a negotiated plea pursuant to a written plea agreement and set the matter for sentencing. *Dominguez*, 140 Ariz. at 330, 681 P.2d at 913. On the sentencing date, the court rejected the agreement as against the interests of justice, set aside the plea, and scheduled a trial. *Id.* On special action review, the court of appeals vacated the trial court's order and directed the court to offer the defendant the opportunity to withdraw from the plea agreement. *Id.* The defendant elected to keep the plea in place, but

the state moved to withdraw and the court granted the motion, setting the case for trial. *Id.* at 330, 331, 681 P.2d at 913, 914.

¶20 After acknowledging that jeopardy attached when the trial court accepted the negotiated guilty plea, the court of appeals determined that the defendant had waived his double jeopardy rights by the terms of the plea agreement:

> If, after accepting the plea, the Court concludes that any of the terms or provisions of this agreement are unacceptable, both parties shall be given the opportunity to withdraw from this agreement, or the Court can reject the agreement . . . . Should the Court reject this agreement, or the State withdraw from the agreement, the Defendant hereby waives all claims of double jeopardy.

*Id.* at 331, 681 P.2d at 914. Because the state's withdrawal was prompted by a reason contained in the agreement—the trial court's determination that terms or provisions were unacceptable—the court of appeals held that the trial court did not err by permitting the state to withdraw from the plea agreement. *Id.* at 330, 331, 681 P.2d at 914, 915.

¶21 Like the plea agreement in *Dominguez*, the agreement here authorized the State to withdraw from the agreement if the trial court rejected the agreed-upon sentence or the term or conditions of probation. Although Ferrell did not expressly waive her double jeopardy rights, she nevertheless did so by agreeing that the State could withdraw if the trial

11

court rejected any probation condition and by acknowledging that the original charges would then be reinstated. *See Ricketts*, 483 U.S. at 9–10 (holding that it is not necessary to waive double jeopardy "by name in the plea agreement" because "an agreement specifying that charges may be *reinstated* given certain circumstances is, at least under the provisions of this plea agreement, *precisely* equivalent to an agreement waiving a double jeopardy defense").

¶22 Amici argue that permitting the State to withdraw from the plea agreement would violate A.R.S. § 36-2811(B) by penalizing Ferrell or denying her the privilege of probation due to her AMMA-compliant marijuana use. We would agree with Amici if the sole basis for the State's request to withdraw is that Ferrell would otherwise be permitted to use marijuana in compliance with AMMA while on probation. Just as the State cannot extend a plea offer that requires imposition of a probation condition that would prohibit a defendant's AMMA-compliant marijuana use, *see Reed-Kaliher*, ___ Ariz. at ___ ¶ 10, ___ P.3d at ___, it cannot withdraw from a plea agreement solely because the trial court refuses to require that the defendant refrain from AMMA-compliant marijuana use while on probation.

¶23        But the State has a lawful basis for withdrawing from the plea agreement. The stricken Marijuana Condition validly required Ferrell to abstain from recreational marijuana use while on probation, even if she visits states that allow such use. No other provision in the agreement conditions Ferrell's probation on her abstention from using marijuana outside AMMA's authorization. Pursuant to paragraph seven of the agreement, therefore, the State must be allowed to withdraw from the plea agreement.

## III. CONCLUSION

¶24        For the foregoing reasons, we vacate the court of appeals' opinion and affirm in part and reverse in part the trial court's order. The trial court properly rejected the Marijuana Condition to the extent it prohibited Ferrell from using marijuana in compliance with AMMA during her probation. Because the plea agreement authorizes the State's withdrawal, Ferrell waived double jeopardy protection in this circumstance, and the trial court erred by refusing to permit the State to withdraw.