IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

KEENAN REED-KALIHER,
*Petitioner*,

*v.*

THE HONORABLE WALLACE R. HOGGATT, JUDGE OF THE SUPERIOR COURT
OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF COCHISE,
*Respondent*,

*and*

STATE OF ARIZONA,
*Real Party in Interest*.

No. CV-14-0226-PR
Filed April 7, 2015

Appeal from the Superior Court in Cochise County
The Honorable Wallace R. Hoggatt, Judge
No. CR-201000683
**REVERSED**

Opinion of the Court of Appeals, Division Two
235 Ariz. 361, 332 P.3d 587 (2014)
**AFFIRMED**

COUNSEL:

Thomas C. Holz (argued), Law Office of Thomas C. Holz, Bisbee, Attorneys
for Keenan Reed-Kaliher

Edward G. Rheinheimer, Cochise County Attorney; Doyle B. Johnstun
(argued), Chief Criminal Deputy County Attorney; Brian M. McIntyre,
Deputy County Attorney, Bisbee, Attorneys for State of Arizona

Barbara LaWall, Pima County Attorney; Jacob R. Lines, Deputy County Attorney, Tucson, Attorneys for Amicus Curiae Pima County Attorney

William G. Montgomery, Maricopa County Attorney; Thomas P. Liddy, Bruce P. White, and Joseph I. Vigil, Deputy County Attorneys, Phoenix, Attorneys for Amici Curiae Maricopa County and Maricopa County Attorney William Montgomery

David J. Euchner and Sarah L. Mayhew, Tucson, Attorneys for Amicus Curiae Arizona Attorneys for Criminal Justice

Thomas W. Dean, Phoenix, Attorney for Amicus Curiae National Organization for the Reform of Marijuana Laws

---

JUSTICE BERCH authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES BRUTINEL and TIMMER joined.

---

JUSTICE BERCH, opinion of the Court:

¶1    Keenan Reed-Kaliher pleaded guilty to possession of marijuana for sale and attempted possession of a narcotic drug for sale. A superior court judge sentenced him to 1.5 years in prison on the marijuana count and suspended the sentence on the narcotic drug count, imposing three years' probation. One of the conditions of his probation required him to "obey all laws."

¶2    While Reed-Kaliher was serving his prison term, the people of Arizona passed Proposition 203, the Arizona Medical Marijuana Act ("AMMA"). AMMA permits "a person who has been diagnosed by a physician as having a debilitating medical condition" to apply for a card identifying the possessor as a "registered qualifying patient." A.R.S. § 36-2801(13), (14). The definition of "debilitating medical condition" includes a "chronic . . . medical condition . . . that produces . . . severe and chronic pain." *Id.* § 36-2801(3)(b).

¶3    Reed-Kaliher suffers chronic pain resulting from a fractured hip. After AMMA became state law, Reed-Kaliher obtained a "registry

identification card" from the Arizona Department of Health Services that identifies him as a "registered qualifying patient" under AMMA, so that he might obtain medical marijuana to ease his pain.

¶4        During the term of Reed-Kaliher's probation, his probation officer added a new condition to his probation, specifying that he "not possess or use marijuana for any reason."  Reed-Kaliher opposed this condition and sought relief in the superior court.  He claimed that AMMA's immunity provision, A.R.S. § 36-2811(B), shields him from prosecution, revocation of probation, or other punishment for his possession or use of medical marijuana.  That provision specifies that "[a] registered qualifying patient . . . is not subject to arrest, prosecution or penalty in any manner, or denial of any right or privilege . . . [f]or . . . medical use of marijuana pursuant to [AMMA]," as long as the patient complies with statutory limits on quantity and location of marijuana use.  Reed-Kaliher asked the court to amend his probation conditions to delete the "no marijuana" term.  The court denied the motion.

¶5        Reed-Kaliher filed a special action in the court of appeals. That court granted relief, holding that a qualifying patient cannot "be deprived of the privilege of probation solely based on his medical use of marijuana" within the limitations on quantity and location provided by AMMA, and "a condition of probation threatening to revoke his privilege for such use cannot be enforced lawfully and is invalid."  *Reed-Kaliher v. Hoggatt* (*State*), 235 Ariz. 361, 364 ¶ 12, 332 P.3d 587, 590 (App. 2014).  We granted review because the scope of immunity under AMMA is a question of statewide importance.

## I. DISCUSSION

¶6        We review questions of statutory interpretation de novo. *Gutierrez v. Indus. Comm'n of Ariz.*, 226 Ariz. 395, 396 ¶ 5, 249 P.3d 1095, 1096 (2011).  "Our primary objective in construing statutes adopted by initiative is to give effect to the intent of the electorate."  *State v. Gomez*, 212 Ariz. 55, 57 ¶ 11, 127 P.3d 873, 875 (2006).

## A. AMMA's Application to Probationers

¶7        AMMA permits those who meet statutory conditions to use medical marijuana. Because marijuana possession and use are otherwise illegal in Arizona, A.R.S. § 13-3405(A), the drafters sought to ensure that those using marijuana pursuant to AMMA would not be penalized for such use. They therefore included an immunity provision that protects users from being "subject to arrest, prosecution or penalty in any manner, or denial of any right or privilege" as long as their use or possession complies with the terms of AMMA. A.R.S. § 36-2811(B).

¶8        AMMA broadly immunizes qualified patients, carving out only narrow exceptions from its otherwise sweeping grant of immunity against "penalty in *any* manner, or denial of *any* right or privilege." *Id.* (emphasis added). It does not allow qualified patients to use medical marijuana "in any correctional facility," in public places, or while driving or performing other tasks that must be undertaken with care, nor does it immunize possession of marijuana in excess of the quantity limitations provided by the Act. *Id.* §§ 36-2802, –2811(B). But it does not expressly prohibit those who have been convicted of drug offenses from using medical marijuana pursuant to AMMA. The immunity expressly applies to any "registered qualifying patient." *Id.* § 36-2811(B). The State does not contest that Reed-Kaliher is such a patient. Thus, the immunity provision by its terms would include rather than exclude him.

¶9        AMMA precludes people who have committed "excluded felony offense[s]" from serving as "designated caregiver[s]" or "medical marijuana dispensary agent[s]." *Id.* § 36-2801(5)(c), (10). But even such offenders are not disqualified from being "qualifying patient[s]." *Id.* § 36-2801(13). The "excluded felony offense[s]" include violent crimes and recent drug offenses, except "conduct that would be immune" under AMMA. *Id.* § 36-2801(7). Thus, AMMA does not deny even those convicted of violent crimes or drug offenses (so long as they are not incarcerated) access to medical marijuana if it could alleviate severe or chronic pain or debilitating medical conditions. *Id.* §§ 36-2801(3), -2802(B)(3). We therefore conclude that the immunity provision of AMMA does not exclude probationers.

4

**B.** **Conditioning Probation on Abstention from AMMA-Compliant Marijuana Use**

**¶10** Probation is a privilege. *State v. Montgomery*, 115 Ariz. 583, 584, 566 P.2d 1329, 1330 (1977). Revocation of probation is a penalty. *State v. Lyons*, 167 Ariz. 15, 17, 804 P.2d 744, 746 (1990). Under AMMA, if the state extends a plea offer that includes probation, it cannot condition the plea on acceptance of a probationary term that would prohibit a qualified patient from using medical marijuana pursuant to the Act, as such an action would constitute the denial of a privilege. Nor may a court impose such a condition or penalize a probationer by revoking probation for such AMMA-compliant use, as that action would constitute a punishment.

**¶11** "When granting probation, the trial court has only that authority given by the statutes of Arizona." *State v. Jordan*, 120 Ariz. 97, 98, 584 P.2d 561, 562 (1978); *see also Green v. Superior Court (State)*, 132 Ariz. 468, 471, 647 P.2d 166, 169 (1982) (to same effect). In this case, an Arizona statute, AMMA, precludes the court from imposing any penalty for AMMA-compliant marijuana use. A.R.S. § 36-2811(B)(1).

**¶12** The State nonetheless argues that prohibiting one convicted of a drug crime from using marijuana should be permitted because it is a reasonable and necessary condition of probation. Our job here, however, is not to determine the appropriateness of the term, but rather to determine its legality. While the State can and should include reasonable and necessary terms of probation, it cannot insert illegal ones. *See Coy v. Fields (State)*, 200 Ariz. 442, 446 ¶ 13, 27 P.3d 799, 803 (App. 2001) (noting that "when . . . a sentencing or probation provision in [a] plea agreement[] proves to be illegal and unenforceable," that provision cannot stand).[1]

---

[1] Whether the State may seek to withdraw from a plea agreement when an added term thereof is stricken is not before us, as Reed-Kaliher had already served his prison term before the State attempted to add the marijuana term to his probation conditions. For a discussion of the circumstances in which the State may withdraw from a plea agreement after a court strikes a term of the agreement, see *State v. Ferrell*, ___ Ariz. ___, ___ P.3d ___ (2015), filed contemporaneously with this opinion.

¶13       The State observes that probation conditions can prohibit a wide range of behaviors, even those that are otherwise legal, such as drinking alcohol or being around children. While the court can condition probation on a probationer's agreement to abstain from lawful conduct, it cannot impose a term that violates Arizona law.

¶14       We therefore hold that any probation term that threatens to revoke probation for medical marijuana use that complies with the terms of AMMA is unenforceable and illegal under AMMA.

### C.       Harmonizing AMMA's Immunity Provision with Statutes Prohibiting Marijuana Use

¶15       The court of appeals' dissent reasoned that an existing statute banning possession or use of narcotic drugs "requires defendants convicted of enumerated drug offenses and placed on probation to be 'prohibited from using any marijuana'" during the term of probation. *Reed-Kaliher*, 235 Ariz. at 370 ¶ 38, 332 P.3d at 596 (Espinosa, J., dissenting) (quoting A.R.S. § 13-3408(G)). The dissent maintained that this provision conflicts with the immunity provision and that "we could give meaning to both the AMMA and the more specific drug-sentencing statutes by interpreting the AMMA's silence [regarding] probationers [as] assent to the long-standing limitations on drug use by those convicted of drug-related offenses." *Id.*

¶16       Just as AMMA provides immunity for charges of violating § 13-3405, which would otherwise subject a person to criminal prosecution for marijuana use, AMMA also provides immunity for charges of violating § 13-3408(G), which might otherwise subject a person to revocation of probation for marijuana use.[2]

¶17       Section 13-3408(G) prohibits the use of marijuana or narcotic or prescription drugs except as "lawfully administered by a health care practitioner," a phrase that suggests that the legislature intended to

---

[2]       At least three other statutes contain identical language prohibiting probationers convicted under those sections from engaging in illegal drug use: A.R.S. §§ 13-3405(E), 13-3406(D), and 13-3407(I). Our analysis applies to any statutes containing this language.

distinguish between illicit use and lawful medicinal use of such drugs. Medical marijuana use pursuant to AMMA is lawful under Arizona law. Thus, we harmonize § 13-3408(G) with AMMA by interpreting the former as barring probationers from illegally using drugs while nonetheless permitting legal medicinal uses of such drugs, which seems to be the intent of the statutes. *See Estate of Hernandez v. Ariz. Bd. of Regents*, 177 Ariz. 244, 249, 866 P.2d 1330, 1335 (1994) (observing that, when possible, we harmonize "apparently conflicting statutes"); *Dietz v. Gen. Elec. Co.*, 169 Ariz. 505, 510, 821 P.2d 166, 171 (1991) (noting that when "more than one interpretation [of a statute] is plausible, we ordinarily interpret the statute in such a way as to achieve the general legislative goals that can be adduced from the body of legislation in question").

### D. Preemption

**¶18**      Citing *State v. Camargo*, the State argues that the probation condition requiring Reed-Kaliher to "obey all laws" requires compliance with federal laws, including federal drug laws. 112 Ariz. 50, 52, 537 P.2d 920, 922 (1975) ("A court can order as a condition of probation that the probationer comply with the law, federal as well as state."). Although a court may require compliance with federal law as a condition of probation, federal law does not require the court to do so. *Cf. Printz v. United States*, 521 U.S. 898, 935 (1997) ("Congress cannot compel the States to enact or enforce a federal regulatory program."). AMMA, an Arizona law, now precludes Arizona courts from conditioning probation on the probationer's abstention from medical marijuana use pursuant to AMMA. Federal law does not *require* our courts to enforce federal law, and Arizona law does not *permit* them to do so in contravention of AMMA. Thus, while the court can impose a condition that probationers not violate federal laws generally, it must not include terms requiring compliance with federal laws that prohibit marijuana use pursuant to AMMA.

**¶19**      The State suggests that AMMA conflicts with federal law, and because state officers cannot simultaneously follow both laws, they should enforce the federal proscriptions on marijuana use pursuant to the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801-971, even if doing so requires them to violate state law. The State is correct in this assertion only if the CSA preempts AMMA. A federal law can preempt a state law if (1)

the federal law contains "an express preemption provision," (2) Congress has determined it must exclusively govern the field, or (3) the federal and state law conflict to such an extent that compliance with both is "a physical impossibility" or the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Arizona v. United States*, 132 S. Ct. 2492, 2501 (2012) (internal citations and quotation marks omitted). "In preemption analysis, courts should assume that 'the historic police powers of the States' are not superseded 'unless that was the clear and manifest purpose of Congress.'" *Id.* (quoting *Rice*, 331 U.S. 218, 230 (1947)).

¶20 Congress itself has specified that the CSA does not expressly preempt state drug laws or exclusively govern the field:

> No provision of [the subchapter on control and enforcement of United States drug laws] shall be construed as indicating an intent on the part of the Congress to occupy the field . . . to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision . . . and that State law so that the two cannot consistently stand together.

21 U.S.C. § 903.

¶21 There is no such conflict here. By not including a prohibition against AMMA-compliant marijuana use, or in this case by removing the condition upon Reed-Kaliher's request, the trial court would not be authorizing or sanctioning a violation of federal law, but rather would be recognizing that the court's authority to impose probation conditions is limited by statute. *Jordan*, 120 Ariz. at 98, 584 P.2d at 562.

¶22 We find persuasive the analysis of the Michigan Supreme Court, which held that the CSA does not preempt a Michigan statute that is substantially identical to AMMA. *See Ter Beek v. City of Wyoming*, 846 N.W.2d 531, 536–41 (Mich. 2014). That court reasoned that the statute does not prevent federal authorities from enforcing federal law—it merely provides "a limited state-law immunity." *See id.* at 537 (emphasis omitted)

(noting that the statute "does not purport to prohibit federal criminalization of, or punishment for" use permitted by state law). The manifest purpose of the CSA was "to conquer drug abuse and to control the legitimate and illegitimate traffic in controlled substances." *Gonzales v. Raich*, 545 U.S. 1, 12 (2005). A state law stands as an obstacle to a federal law "[i]f the purpose of the [federal law] cannot otherwise be accomplished—if its operation within its chosen field else must be frustrated and its provisions be refused their natural effect." *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 373 (2000) (quoting *Savage v. Jones*, 225 U.S. 501, 533 (1912)).

**¶23** The state-law immunity AMMA provides does not frustrate the CSA's goals of conquering drug abuse or controlling drug traffic. Like the people of Michigan, the people of Arizona "chose to part ways with Congress only regarding the scope of acceptable medical use of marijuana." *Ter Beek*, 846 N.W.2d at 539. Possession and use of marijuana not in compliance with AMMA remain illegal under Arizona law.

**¶24** Nor does the oath of office taken by state officers require them to condition probation on abstention from AMMA-compliant marijuana use. All state officers and employees in Arizona, including judges and prosecutors, swear to "support the Constitution of the United States and the Constitution and laws of the State of Arizona." A.R.S. § 38-231(E)–(F). Under the Supremacy Clause, laws made pursuant to the federal constitution are part of "the Supreme Law of the Land" and "Judges in every State shall be bound thereby." U.S. Const. art. 6, cl. 2. But, as noted above, nothing in federal law purports to require state judges to include a prohibition on the use of medical marijuana pursuant to AMMA as a condition of probation. Because AMMA prohibits such a condition and federal law does not require it, a state judge does not violate the oath of office by omitting such a condition.

### E. Waiver

**¶25** Finally, the State argues that Reed-Kaliher's agreement to the "obey all laws" term implies a waiver of his right to use marijuana pursuant to AMMA. But Reed-Kaliher could not have knowingly waived his rights under AMMA because it did not exist when he entered the plea agreement. *See Ariz. Title Guar. & Trust Co. v. Modern Homes, Inc.*, 84 Ariz. 399, 402, 330

P.2d 113, 114 (1958) ("[B]efore a waiver of a right may be inferred, such right must be in existence at the time the claimed waiver occurred."). Moreover, such a waiver would be ineffective because, as noted above, AMMA bars courts from imposing a probation condition prohibiting the use of medical marijuana pursuant to AMMA. *See State v. Ferrell*, ___ Ariz. ___ ¶ 9, ___ P.3d ___ (2015), filed contemporaneously with this opinion.

## II. CONCLUSION

¶26        For the foregoing reasons, we affirm the opinion of the court of appeals.