394 P.3d 21

**STATE of Arizona, Appellee,**

v.

**Andre Lee Juwaun MAESTAS, Appellant.**

**No. 1 CA–CR 15–0724**

Court of Appeals of Arizona,
Division 1.

FILED 4/6/2017

Arizona Attorney General's Office, Phoenix, By Adele Ponce, Counsel for Appellee

Thomas W. Dean Attorney at Law, Phoenix, By Thomas W. Dean, Counsel for Appellant

Law Office of Thomas C. Holz, Bisbee, By Thomas C. Holz, Counsel for Amicus Curiae National Organization for the Reform of Marijuana Laws

Arizona Attorneys for Criminal Justice, Tucson, By David J. Euchner, Sarah L. Mayhew, Counsel for Amicus Curiae Arizona Attorneys for Criminal Justice

Presiding Judge Peter B. Swann delivered the opinion of the court, in which Judge Patricia A. Orozco (retired) and Judge Jon W. Thompson joined.

## OPINION

SWANN, Judge:

¶1 Andre Lee Juwaun Maestas, a medical-marijuana cardholder ("cardholder"), appeals his conviction for possession of marijuana. His appeal challenges the constitutionality of A.R.S. § 15–108(A), which modifies the Arizona Medical Marijuana Act ("AMMA") by criminalizing possession of medical marijuana by cardholders on public college and university campuses. The AMMA does not prevent property owners (including the state) from prohibiting medical marijuana use on their property. But because A.R.S. § 15–108(A) *criminalizes* medical marijuana use, it does not further the purpose of the AMMA. Accordingly, § 15–108(A) violates the Voter Protection Act ("VPA") and we hold it unconstitutional. We do not, however, hold that public colleges and universities are required to allow marijuana use, even by cardholders, on campus.

## FACTS AND PROCEDURAL HISTORY

¶2 An Arizona State University police officer arrested Maestas for obstructing a public thoroughfare after observing him sitting in the road in front of his dormitory on the university campus. He searched Maestas and found a valid Arizona medical marijuana card in his wallet. The officer asked Maestas if he had marijuana in his dorm room, and Maestas admitted he did. The officer obtained a search warrant, searched the dorm room,

and found two envelopes containing 0.4 grams of marijuana, an allowable amount for a cardholder under A.R.S. § 36–2801(1)(a)(i).

¶ 3 Maestas was charged with obstructing a highway or other public thoroughfare, a class 3 misdemeanor, and possession or use of marijuana, a class 6 felony. Before trial, Maestas moved to dismiss the possession charge, arguing that as a cardholder, his possession of marijuana was lawful under the AMMA. The state opposed the motion, arguing that A.R.S. § 15–108(A) prohibits even cardholders from possessing marijuana on public college and university campuses. After the superior court denied the motion, the state amended the indictment to designate the drug charge a misdemeanor.

¶ 4 At his bench trial, Maestas was convicted on both counts. The superior court suspended sentencing and placed Maestas on probation for one year. The court also imposed a fine on the drug charge. Maestas appeals his conviction for the drug charge.

## DISCUSSION

¶ 5 Maestas contends his conviction on the drug charge should be reversed because the AMMA allows him to possess marijuana in his dorm room. He argues that § 15–108(A), which removes the criminal protections of the AMMA on public college and university campuses, is unconstitutional. We review questions of statutory interpretation and constitutional issues de novo. *State v. Dann*, 220 Ariz. 351, 369, ¶ 96, 207 P.3d 604 (2009). Statutes are presumed to be constitutional. *Indus. Comm'n v. Brewer*, 231 Ariz. 46, 49, ¶ 11, 290 P.3d 439 (App. 2012). Maestas, as the challenging party, bears the burden of overcoming that presumption. *Cave Creek Unified Sch. Dist. v. Ducey*, 233 Ariz. 1, 5, ¶ 11, 308 P.3d 1152 (2013).

## I. LEGISLATIVE HISTORY

¶ 6 In November 2010, Arizona voters approved the AMMA. *See* A.R.S. §§ 36–2801 to –2819. The purpose of the AMMA is to decriminalize possession and use of marijuana for medicinal purposes. *Reed–Kaliher v. Hoggatt*, 237 Ariz. 119, 122–23, ¶¶ 7, 17, 347 P.3d 136 (2015); *see also* 2010 Proposition 203, § 2(G) (stating that "the purpose of this act is to protect patients with debilitating medical conditions … from arrest and prosecution, criminal and other penalties … if such patients engage in the medical use of marijuana"). As relevant here, the AMMA's protection against criminal liability applies everywhere within the state of Arizona except on school busses; on any preschool, primary, or secondary school grounds; or in any correctional facility. A.R.S. § 36–2802(B).

¶ 7 In 2012, the Arizona Legislature modified the AMMA by prohibiting marijuana possession and use in additional places. *See* 2012 Ariz. Sess. Laws, ch. 159, §§ 3, 4 (2d Reg. Sess.) (codified at A.R.S. § 15–108). This statute provides, in pertinent part:

> [A] person, including a cardholder …, may not lawfully possess or use marijuana on the campus of any public university, college, community college or postsecondary educational institution.

A.R.S. § 15–108(A). Absent this provision, Maestas would not be subject to prosecution for possession of marijuana. A.R.S. § 36–2811(B)(1).

## II. SECTION 15–108(A) VIOLATES THE VOTER PROTECTION ACT

¶ 8 The sole issue on appeal is whether § 15–108(A) violates the Voter Protection Act, Ariz. Const. art. 4, pt. 1, § 1(6). The VPA is a provision of the Arizona constitution that limits the Legislature's authority to repeal or modify laws enacted by voters in or after the November 1998 general election. *Cave Creek Unified Sch. Dist.*, 233 Ariz. at 4, ¶ 9, 308 P.3d 1152; Ariz. Const. art. 4, pt. 1, § 1, Historical Notes. The VPA prohibits the Legislature from amending a voter-passed initiative unless, *inter alia*, the amendment "furthers the purposes" of the initiative. Ariz. Const. art. 4, pt. 1, § 1(6)(C). Maestas contends that § 15–108(A) does not further the AMMA's purpose of protecting cardholders from criminal and other penalties. We agree.

### A. The Constitutionality of § 15–108(A) Is a Justiciable Question.

¶ 9 The state first argues that the prohibition of marijuana on public college and university campuses is a nonjusticiable

political question because permitting marijuana use "would cause the school[s] … to lose a monetary or licensing related benefit under federal law or regulations." A nonjusticiable political question exists "where there is 'a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it.'" *Nixon v. United States*, 506 U.S. 224, 228, 113 S.Ct. 732, 122 L.Ed.2d 1 (1993) (citation omitted); *see also Forty–Seventh Legislature v. Napolitano*, 213 Ariz. 482, 485, ¶ 7, 143 P.3d 1023 (2006) (applying the same standard in Arizona courts). But the issue presented by this case is narrow, and does not implicate the concerns identified by the state.

¶ 10 The AMMA expressly does *not* require "[a]ny person or establishment in lawful possession of property to allow a guest, client, customer or other visitor to use [or possess] marijuana on or in that property." A.R.S. §§ 36–2814(A)(2) (describing acts not required), –2801(9) (defining "medical use" to include possession). The Legislature is therefore free to bar the use and possession of marijuana on public college and university campuses to protect federal funding—or for any other reason. The question in this case is whether the Legislature has the authority to designate additional areas where cardholders, otherwise in compliance with the AMMA, are subject to *criminal prosecution* for possessing marijuana.

B. The Legislature May Not Criminalize Cardholders' Possession of Marijuana Except in the Places Specified in the AMMA.

¶ 11 In interpreting a voter-approved measure, we give effect to "the intent of the electorate that adopted it," and in doing so, we interpret the words according to "their natural, obvious and ordinary meaning." *Cave Creek Unified Sch. Dist.*, 233 Ariz. at 6–7, ¶ 21, 308 P.3d 1152 (citations omitted). When the language is clear and unambiguous and thus subject to only one reasonable meaning, we apply the language without resort to other means of statutory construction.

*Calik v. Kongable*, 195 Ariz. 496, 498, ¶ 10, 990 P.2d 1055 (1999).

¶ 12 As relevant here, the AMMA "does not prevent the imposition of any civil, criminal or other penalties for … [p]ossessing or engaging in the medical use of marijuana: 1. On a school bus. 2. On the grounds of any preschool or primary or secondary school. 3. In any correctional facility." A.R.S. § 36–2802(B). "Generally, when the [L]egislature expresses a list, we assume the exclusion of items not listed." *State v. Ault*, 157 Ariz. 516, 519, 759 P.2d 1320 (1988). By specifically exempting only pre-, primary- and secondary-school grounds from its protections, the AMMA offers no textual support for the notion that otherwise lawful use of marijuana on college or university campuses can be made criminal.

¶ 13 By enacting A.R.S. § 15–108(A), the Legislature modified the AMMA to re-criminalize cardholders' marijuana possession on college and university campuses. The statute does not further the purposes of the AMMA; to the contrary, it eliminates some of its protections. *See Cave Creek Unified Sch. Dist.*, 233 Ariz. at 7–8, ¶ 25, 308 P.3d 1152 (holding that a statute that cannot be harmonized with a voter-approved law violates the VPA).

¶ 14 The state argues that the anti-discrimination provision's federal-funding exception in § 36–2813(A) gives the Legislature authority to prohibit cardholders from using marijuana on college and university campuses. This provision generally prohibits schools and landlords from penalizing a cardholder based "solely [on] his status as a cardholder." A.R.S. § 36–2813(A). But schools and landlords *may* discriminate to protect federal monetary or licensing benefits. *Id.* While this exception is an affirmative defense to a discrimination claim, nothing in the plain language of the statute authorizes criminalization of cardholders' possession of marijuana on college or university campuses.

¶ 15 Like any other landowner, the state may regulate what items or materials may be brought onto its property. A.R.S. § 36–2814(A)(2). To the extent a person violates such rules or prohibitions, the state can

have the offending party removed or charged with trespassing. A.R.S. § 13–1502(A)(1); *see also* A.R.S. § 13–2911(D) (providing for enforcement of rules of educational institutions governing conduct of persons on property). If the state finds it necessary to protect federal funding by prohibiting medical marijuana on public college and university campuses, then the AMMA does not stop it from creating such policies. Nor does the AMMA prohibit the Legislature from enacting non-criminal statutes to ensure the absence of medical marijuana on college and university campuses.

## CONCLUSION

¶ 16 Because A.R.S. § 15–108(A) does not further the purpose of the AMMA, we hold that is unconstitutional under the VPA and vacate Maestas's conviction for possession of marijuana.