IN THE

# ARIZONA COURT OF APPEALS
### DIVISION TWO

---

THE STATE OF ARIZONA,
*Petitioner*,

*v.*

HON. DANELLE LIWSKI, JUDGE OF THE SUPERIOR COURT OF THE
STATE OF ARIZONA, IN AND FOR THE COUNTY OF PIMA,
*Respondent*,

*and*

RYAN MITCHELL GILLIE,
*Real Party in Interest*.

No. 2 CA-SA 2015-0044
Filed August 28, 2015

---

Special Action Proceeding
Pima County Cause No. CR20133035001

**JURISDICTION ACCEPTED; RELIEF GRANTED**

---

COUNSEL

Barbara LaWall, Pima County Attorney
By Nicolette Kneup, Deputy County Attorney, Tucson
*Counsel for Petitioner*

Steven R. Sonenberg, Pima County Public Defender
By David J. Euchner and Sarah L. Mayhew, Assistant Public
Defenders, Tucson
*Counsel for Real Party in Interest*

**OPINION**

Presiding Judge Vásquez authored the opinion of the Court, in which Judge Howard and Judge Kelly[1] concurred.

V Á S Q U E Z, Presiding Judge:

**¶1**        The State of Arizona seeks special-action review of the respondent judge's order denying the state's motion to preclude defendant Ryan Gillie from presenting a defense based on the Arizona Medical Marijuana Act (AMMA), A.R.S. §§ 36-2801 through 36-2819.  We accept jurisdiction, and we grant relief because the respondent incorrectly concluded Gillie may present a defense under the AMMA.

**¶2**        The relevant facts are not in dispute.  Gillie was charged with possession of marijuana for sale, production of marijuana, and possession of drug paraphernalia.  He was arrested while carrying 3.5 ounces of marijuana, which led to the discovery of growing equipment and numerous marijuana plants at his home.  Gillie is a registered designated caregiver under the AMMA for one qualifying patient and is authorized to cultivate marijuana for that patient. *See* § 36-2801(5).  The state sought to preclude him from raising a defense based on the AMMA.  The respondent judge held an evidentiary hearing, at which Gillie presented evidence that he had intended to deliver some of the marijuana he was carrying to another patient for whom he was not the designated caregiver.

**¶3**        The state argued that Gillie was not entitled to protection under the AMMA because he had been carrying more than the permitted 2.5 ounces of marijuana per qualified patient pursuant to §§ 36-2801(1)(b)(i) and 36-2811(B)(2).  Gillie responded

_____

[1]The Hon. Virginia C. Kelly, a retired judge of this court, is called back to active duty to serve on this case pursuant to orders of this court and the supreme court.

that he was permitted to carry more than 2.5 ounces pursuant to § 36-2811(B)(3) because he had intended to deliver the excess marijuana to another cardholder. The respondent judge, observing "the statute is not clear," concluded Gillie was permitted to provide "other marijuana," in excess of the 2.5-ounce per-patient limit, to cardholders. She thus denied the state's motion to preclude, stating Gillie was permitted to "present a medical marijuana defense" at trial.

¶4 In its petition for special action, the state argues the respondent judge erred by concluding Gillie could possess marijuana in excess of 2.5 ounces and raise a medical marijuana defense. We accept special-action jurisdiction because the state has no remedy by appeal, *see* A.R.S. § 13-4032; Ariz. R. P. Spec. Actions 1(a), and because this "case presents a novel question of statewide importance that is also a question of law," *Fuller v. Olson*, 233 Ariz. 468, ¶ 5, 314 P.3d 814, 817 (App. 2013). "Special action relief is appropriate if the respondent judge has abused her discretion by committing an error of law or proceeding in excess of her legal authority." *State v. Bernini*, 230 Ariz. 223, ¶ 6, 282 P.3d 424, 426 (App. 2012).

¶5 "We review questions of statutory interpretation de novo." *Reed-Kaliher v. Hoggatt*, 237 Ariz. 119, ¶ 6, 347 P.3d 136, 139 (2015). "'Our primary objective in construing statutes adopted by initiative is to give effect to the intent of the electorate.'" *Id.*, *quoting State v. Gomez*, 212 Ariz. 55, ¶ 11, 127 P.3d 873, 875 (2006). The best indicator of that intent is the statute's plain language, and, if that language is clear and unambiguous, we apply it as written. *State v. Matlock*, 237 Ariz. 331, ¶ 10, 350 P.3d 835, 838 (App. 2015).

¶6 Marijuana possession and use are illegal in Arizona, but the AMMA "permits those who meet statutory conditions to use medical marijuana." *Reed-Kaliher*, 237 Ariz. 119, ¶ 7, 347 P.3d at 139. Pursuant to the AMMA, a designated caregiver may assist up to five patients with the medical use of marijuana and may receive reimbursement for costs incurred in providing such assistance "if the registered designated caregiver is connected to the registered qualifying patient through the [Arizona Department of Health

Services] registration process." § 36-2801(4), (5). A designated caregiver is a "cardholder" as defined by the AMMA. § 36-2801(2).

¶7 The AMMA "provides two different statutory protections for cardholders" under § 36-2811. *State v. Fields*, 232 Ariz. 265, ¶ 13, 304 P.3d 1088, 1092 (App. 2013). First, pursuant to subsection (A), there is a rebuttable presumption that possession of marijuana is for medical use if a cardholder is in possession of a valid card and does not possess more than the allowable amount of marijuana. *Id.* Second, pursuant to subsection (B), the statute provides immunity from prosecution if certain requirements are met. *See id.* ¶ 14. Subsection (B)(2) provides immunity for a "registered designated caregiver assisting a registered qualifying patient to whom he is connected through the department's registration process with the registered qualifying patient's medical use of marijuana pursuant to this chapter if the registered designated caregiver does not possess more than the allowable amount of marijuana." Subsection (B)(3) provides immunity for cardholders

> [f]or offering or providing marijuana to a registered qualifying patient or a registered designated caregiver for the registered qualifying patient's medical use or to a registered nonprofit medical marijuana dispensary if nothing of value is transferred in return and the person giving the marijuana does not knowingly cause the recipient to possess more than the allowable amount of marijuana.

¶8 The protections provided by the AMMA are not available, however, if the cardholder fails to comply with any of the above conditions, thus subjecting the cardholder to prosecution for all marijuana use or possession. *Fields*, 232 Ariz. 265, ¶ 14, 304 P.3d at 1092. The cardholder has the burden of demonstrating, "by a preponderance of the evidence, that his or her actions fall within the range of immune action." *Id.* ¶ 15. Whether immunity applies is a question of law. *Id.* But if there are disputed facts related to

immunity, such facts must be resolved by the jury before the trial court determines if immunity has been established. *Id.*

**¶9** The state argues that, because Gillie was the designated caregiver for only one qualifying patient, he was permitted to possess only 2.5 ounces of marijuana. The state is correct that the allowable amount of marijuana for a designated caregiver is 2.5 ounces for each qualifying patient connected to that caregiver. § 36-2801(1)(b)(i). Thus, because he possessed 3.5 ounces of marijuana, Gillie is not entitled to immunity pursuant to § 36-2811(B)(2).

**¶10** The respondent judge appeared to adopt Gillie's argument that § 36-2811(B)(3) permitted him to exceed the 2.5-ounce limit in order to dispose of excess marijuana resulting from cultivation of marijuana plants. But nothing in the plain text of subsection (B)(3) supports that interpretation. That subsection provides immunity for offering or providing marijuana to another person or entity entitled to receive it, not for possession. Immunity for use of or assistance with medical marijuana by cardholders is found in subsections (B)(1) and (B)(2), and those provisions include unambiguous possession limits. Subsection (B)(3) does not create a separate allowance for possession, but rather creates a means by which a cardholder can ensure they do not possess more than the allowable amount of marijuana. Gillie's interpretation would conflict with the clear limits on immunity for marijuana possession, a result we are obligated to avoid. *Chaparral Dev. v. RMED Int'l, Inc.*, 170 Ariz. 309, 313, 823 P.2d 1317, 1321 (App. 1991) (courts must endeavor to construe statutes to avoid conflict and give effect to each provision).

**¶11** We reject Gillie's additional argument that a liberal reading of the AMMA would entitle him to raise a defense under its immunity provisions. Even assuming Gillie is correct that a broad reading of the AMMA is appropriate, in the absence of ambiguity, we must apply the AMMA as written. *See Matlock*, 237 Ariz. 331, ¶ 10, 350 P.3d at 838. We will not expand its provisions beyond their plain meaning. For the same reason, we reject Gillie's argument that we should apply the rule of lenity. *See State v. Fell*, 203 Ariz. 186, ¶ 10, 52 P.2d 218, 221 (App. 2002) (rule of lenity not applicable to unambiguous statute).

¶12 Gillie further contends, however, that we must interpret § 36-2811(B)(3) to allow him to possess marijuana in excess of 2.5 ounces to avoid an "absurd result." *See State v. Estrada*, 201 Ariz. 247, ¶¶ 16-17, 34 P.3d 356, 360 (2001). "An absurd result is one 'so irrational, unnatural, or inconvenient that it cannot be supposed to have been within the intention of persons with ordinary intelligence and discretion.'" *Evans Withycomb, Inc. v. W. Innovations Inc.*, 215 Ariz. 237, ¶ 12, 159 P.3d 547, 550 (App. 2006), *quoting Estrada*, 201 Ariz. 247, ¶ 17, 34 P.3d at 360.

¶13 The first purported absurdity that Gillie identifies is that, by concluding the limits of § 36-2811(B)(2) apply to him, we would be adopting a rule "that a caregiver/cultivator who possesses even a minute amount of marijuana over 2.5 ounces is barred completely from defending himself in a criminal prosecution." But Gillie has not identified what is absurd about requiring cardholders to comply with the AMMA's unambiguous possession limits. And, in any event, we are not presented with a case in which a cardholder possessed "a minute amount" of excess marijuana. Instead, Gillie possessed forty percent more marijuana than permitted by the AMMA.

¶14 Gillie next argues that applying the possession limit as written would be an absurd result because it would expose cardholders to police harassment. He claims enforcing the possession limits would permit law enforcement officers "to detain licensees purportedly to weigh the amount of marijuana in a patient's or caregiver's possession" and arrest them "for the slightest discrepancy." But Gillie has not explained how requiring compliance with the possession limits would grant law enforcement authority to detain cardholders to investigate their compliance absent reasonable suspicion. *See State v. Evans*, 237 Ariz. 231, ¶ 7, 349 P.3d 205, 208 (2015) (police must have reasonable suspicion of criminal activity to detain person).

¶15 Gillie also complains that the possession limits render it difficult for cultivators to remain in compliance with the AMMA because of the uncertainties of marijuana cultivation. But that is not the case before us. And, although we can appreciate that a cultivator might have to be cautious to ensure compliance with the

AMMA, Gillie has identified no evidence suggesting that requiring compliance is "'so irrational, unnatural, or inconvenient that it cannot be supposed to have been within the intention of persons with ordinary intelligence and discretion.'" *Evans Withycomb, Inc.*, 215 Ariz. 237, ¶ 12, 159 P.3d at 550, *quoting Estrada*, 201 Ariz. 247, ¶ 17, 34 P.3d at 360. Moreover, as we noted above, § 36-2811(B)(3) provides a mechanism for a cultivator to avoid exceeding the possession limits by transferring marijuana. What it does not do, however, is permit a cultivator to exceed those limits.

¶16 Finally, Gillie suggests that enforcing the possession limitation is absurd when considered in light of the transfer provision because it means a caregiver could transfer only marijuana allocated to a patient, instead of having the authority to transfer excess marijuana. But this argument ignores that a patient may not need his or her entire 2.5-ounce allocation and may opt to transfer the remainder. Thus, for these reasons, we reject Gillie's arguments that requiring compliance with the AMMA's possession limit leads to an absurd result. Indeed, the only proposed interpretation that reasonably could be characterized as absurd is the one proposed by Gillie—that a cultivator could possess marijuana far in excess of the allowable limit if he or she is able to conjure a sufficient list of eligible recipients.

¶17 Gillie makes several arguments grounded primarily in § 36-2812.[2] But that statute was repealed in 2011 and has no application to this case. 2010 Prop. 203 (an Initiative Measure), § 5, eff. Apr. 14, 2011. Accordingly, we have disregarded those arguments. *See Polanco v. Indus. Comm'n*, 214 Ariz. 489, n.2, 154 P.3d 391, 393 n.2 (App. 2007) (failure to develop argument and cite relevant authority constitutes waiver).

---

[2]Section 36-2812 was an "interim provision" under the AMMA creating an affirmative defense for marijuana offenses. *State v. Sisco*, 717 Ariz. Adv. Rep. 6, ¶ 51 (Ct. App. July 20, 2015). "That provision expired when the department of health services began issuing registry identification cards on April 14, 2011." *Id.*

**¶18**          Gillie additionally contends that we must view the three provisions of § 36-2811(B) separately and that he is entitled to apply the immunity in (B)(2) to 2.5 ounces of the marijuana in his possession and the immunity in (B)(3) to the excess marijuana he claims he intended to transfer.  But this argument is grounded in the incorrect proposition that (B)(3) permits the possession of marijuana in excess of the allowable limit.  Instead, as we have explained, (B)(3) provides immunity for the transfer of marijuana, while immunity for possession is provided by (B)(2).

**¶19**          Gillie also argues he is entitled to present a defense under the AMMA under what he calls "the doctrine of fleeting possession."  Even if such a doctrine exists under Arizona law, this issue was not presented to the respondent judge in response to the state's motion to preclude, and, accordingly, we do not address it. *See State v. Takacs*, 169 Ariz. 392, 399, 819 P.2d 978, 985 (App. 1991).

**¶20**          We accept special-action jurisdiction, and, because the respondent judge erred as a matter of law in concluding Gillie was entitled to present a defense under the AMMA, we grant relief.  The respondent judge's order denying the state's motion to preclude is vacated.