NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BO DANIEL WYATT, *Petitioner*.

No. 1 CA-CR 16-0025 PRPC
FILED 8-24-2017

Petition for Review from the Superior Court in Maricopa County
Nos.  CR2011-123468-001
CR2011-124546-001
The Honorable Jose S. Padilla, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Respondent*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Petitioner*

_____

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

_____

**C R U Z**, Judge:

¶1        Petitioner Bo Daniel Wyatt petitions this court for review from the denial of his petition for post-conviction relief of-right.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

### FACTUAL AND PROCEDURAL HISTORY

¶2        This matter involves two different cases and the Arizona Medical Marijuana Act ("AMMA").  Arizona voters enacted the AMMA through ballot initiative "Proposition 203."  *State v. Gear*, 239 Ariz. 343, 344, ¶ 2, 372 P.3d 287, 288 (2016).  The AMMA became effective December 14, 2010, and is codified in Arizona Revised Statutes ("A.R.S.") sections 36-2801 through 2819.  A.R.S. § 36-2801 (2010).

¶3        In the first case, Wyatt pled guilty to attempt to commit production of marijuana as an undesignated offense.  The superior court placed Wyatt on three years' probation.[1]  In the second case, Wyatt pled guilty to endangerment, a Class 6 felony, and possession or use of marijuana, a Class 1 misdemeanor.  The same court sentenced Wyatt to one year imprisonment for endangerment and placed him on three years' probation for possession.  The court further ordered the terms of probation in the two cases to run concurrently.  Wyatt was represented by the same attorney in both cases.

¶4        Wyatt filed a timely, consolidated petition for post-conviction relief of-right in both cases.  He argued his counsel was ineffective when he failed to investigate defenses available for the two marijuana counts

_____

[1]        The superior court will have the option to designate the offense as a misdemeanor if Wyatt successfully completes his probation.  Ariz. Rev. Stat. § 13-604(A).

pursuant to the AMMA, and that this ineffectiveness rendered Wyatt's pleas involuntary.[2]  The superior court found Wyatt presented colorable claims for relief and held a two-day evidentiary hearing, after which the court denied relief.  Wyatt now seeks review.

**DISCUSSION**

**¶5**        To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397, 694 P.2d 222, 227 (1985).  To show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.

**¶6**        "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.* at 689 (citation and internal quotation marks omitted).  To do this, a defendant must show that counsel's performance fell outside the acceptable "range of competence" and failed to meet "an objective standard of reasonableness."  *Id.* at 687-88.  "In short, reviewing courts must be very cautious in deeming trial counsel's assistance ineffective when counsel's challenged acts or omissions might have a reasonable explanation."  *State v. Pandeli*, 242 Ariz. 175, 181, ¶ 7, 394 P.3d 2, 8 (2017).

**¶7**        Finally, we will affirm a superior court's ruling after an evidentiary hearing if the ruling is based on substantial evidence.  *State v. Sasak*, 178 Ariz. 182, 186, 871 P.2d 729, 733 (App. 1993).  We may also affirm a decision of a superior court for any basis supported by the record.  *State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987).

---

[2]      Wyatt's petition below also presented claims that he was actually innocent of the marijuana counts and that there was an insufficient factual basis for his plea to endangerment.  Because Wyatt does not present these issues for review, we do not address them.  Wyatt's petition also presented a claim that the superior court erred when it ordered Wyatt to pay for DNA testing.  The State conceded error and the superior court vacated the order.  Wyatt's claim that the court failed to address this issue is, therefore, incorrect.

I.      The First Case

**¶8**          Wyatt argues his counsel was ineffective in the first case because counsel failed to recognize that Wyatt had a defense pursuant to the now repealed "affirmative defense" provision of the AMMA. This provision was formerly codified in A.R.S. § 36-2812 (2010).

**¶9**          The affirmative defense in A.R.S. § 36-2812 was a temporary "interim provision" that created a defense to offenses based on the use or possession of marijuana. *State v. Liwski*, 238 Ariz. 184, 188 n.2, ¶ 17, 358 P.3d 605, 609 n.2 (App. 2015). This section allowed a qualifying patient to "assert the medical purpose for using marijuana as a defense to any prosecution of an offense involving marijuana intended for a qualifying patient's medical use . . . ." Initiative Measure, Prop. 203, § 3 (2010) (adding A.R.S. § 36-2812). The defense was presumed valid in relevant part if (1) a physician had determined the patient would benefit from the medical use of marijuana; (2) the patient possessed no more marijuana than was reasonably necessary to treat the medical condition; (3) all marijuana plants were contained "in an enclosed locked facility"; and (4) the patient possessed, cultivated, manufactured, used or transported the marijuana solely to treat or alleviate the patient's debilitating medical condition. *Id.* Section 36-2812 was in effect for only four months, however, because it was automatically repealed in April 2011 when the Arizona Department of Health Services began issuing the patient identification cards referenced in the "immunity provision" of the AMMA at A.R.S. § 36-2811. *Id.* at § 5. As discussed more fully below, A.R.S. § 36-2811 also provides a defense to the prosecution for the use or possession of marijuana.

**¶10**          Wyatt committed the offense in the first case on February 21, 2011, just over two months after the AMMA became effective. Law enforcement officers found six marijuana plants in Wyatt's apartment bedroom. At that time, the Department of Health Services was not yet issuing patient identification cards pursuant to the AMMA. A physician had already determined on February 1, 2011, however, that Wyatt would benefit from the medical use of marijuana. That physician provided Wyatt a signed "recommendation" for medical treatment with marijuana. Wyatt argues counsel should have realized that pursuant to A.R.S. § 36-2812, the physician's written recommendation for medical use of marijuana was a complete defense to the charge of production of marijuana as alleged in the first case.

**¶11**          We deny relief on this issue because counsel testified that he did not believe A.R.S. § 36-2812 afforded Wyatt a viable defense to the first

case. As noted above, the affirmative defense required that the marijuana plants be contained in an enclosed, locked facility. "Enclosed, locked facility" is defined as a "closet, room, greenhouse or other enclosed area equipped with locks or other security devices that permit access only by a cardholder." A.R.S. § 36-2801(6). Counsel did not believe that an apartment bedroom was a "facility" as defined. Counsel also noted there was information that the bedroom was not locked, the door may not have even been closed, and Wyatt's mother had access to the apartment. Finally, counsel testified the only defense Wyatt offered for why the marijuana plants were in his apartment was that they belonged to his mother. The reasonableness of counsel's actions may be determined by the information supplied to counsel by the defendant. *Strickland*, 466 U.S. at 691. The superior court did not err when it found counsel's performance regarding the first case did not fall below objectively reasonable standards. For the same foregoing reasons, we find the superior court did not err when it found that Wyatt's plea was knowingly, intelligently, and voluntarily entered.

## II. The Second Case

¶12 Wyatt argues his counsel was ineffective in the second case because counsel failed to recognize that Wyatt had a defense pursuant to the "presumption of medical use" provisions of A.R.S. § 36-2811. This section has been described as the "immunity provision" of the AMMA. *Reed-Kaliher v. Hoggatt*, 237 Ariz. 119, 122, ¶ 7, 347 P.3d 136, 139 (2015). A.R.S. § 36-2811 provides in relevant part that a "registered qualifying patient . . . is not subject to arrest, prosecution or penalty in any manner . . . [f]or the registered qualifying patient's medical use of marijuana pursuant to this chapter," so long as the patient complies with the provisions of the AMMA. A.R.S. § 36-2811(B)(1). A.R.S. § 36-2811 also provides in relevant part that there is a presumption that a qualifying patient is engaged in the medical use of marijuana as authorized by AMMA so long as the patient possesses a "registry identification card" from the Arizona Department of Health Services and does not possess more than the allowable amount of marijuana. A.R.S. § 36-2811(A)(1). The presumption is rebuttable. A.R.S. § 36-2811(A)(2).

¶13 Wyatt committed the offenses in the second case on May 15, 2011, when he led public safety officers on a prolonged motor vehicle chase, after which investigators found marijuana in Wyatt's vehicle. By this time, the Department of Health Services had begun issuing identification cards and A.R.S. § 36-2812 had been automatically repealed. Wyatt had used his physician's recommendation to apply for a patient identification card and

the Department of Health Services approved his application on May 5, 2011. Wyatt did not receive his card from the Department of Health Services until several weeks after his arrest in the second case.

¶14        We deny relief on this issue because counsel testified that he did not believe A.R.S. § 36-2811 afforded Wyatt a defense to the charge of possession or use of marijuana in the second case. Counsel knew that Wyatt did not actually or constructively possess an identification card at the time of his arrest. Further, Wyatt only told counsel that he had *applied* for an identification card at the time of his second arrest. Counsel believed mere application for a card not yet received was not sufficient to assert a defense pursuant to A.R.S. § 36-2811. Finally, counsel testified Wyatt never told counsel he received a card. Again, the reasonableness of counsel's actions may be determined by information the defendant provided to counsel. *Strickland*, 466 U.S. at 691. The superior court did not err when it found counsel's performance regarding the second case did not fall below objectively reasonable standards.[3] For the same foregoing reasons, we find the superior court did not err when it found that Wyatt's plea regarding the second case was knowingly, intelligently, and voluntarily entered.

## CONCLUSION

¶15        We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3]        We need not address counsel's other reasons for not asserting the defense.