[Cite as *State v. McQuade*, 2023-Ohio-1483.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112158 |
| v. | : | |
| SAMANTHA MCQUADE, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED IN PART AND REMANDED
**RELEASED AND JOURNALIZED:** May 4, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-668521-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Eamonn McDermott, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee*.

ANITA LASTER MAYS, A.J.:

{¶ 1} Defendant-Appellant Samantha McQuade ("McQuade") appeals the trial court's imposition of certain community control terms. Plaintiff-appellee state of Ohio concedes the error pursuant to Loc.App.R. 16(B). We vacate the drug and

alcohol conditions of the community-control sanctions, and remand after a thorough review of the law and record.

{¶ 2} On September 14, 2022, McQuade pleaded guilty to attempted violation of an anti-stalking protection order in violation of R.C. 2923.02 and 2919.27, a fourth-degree felony, and telecommunications harassment under R.C. 2917.21(A)(1), a first-degree misdemeanor.

{¶ 3} McQuade was sentenced on October 25, 2022. The record reveals that McQuade was 27 years of age at the time with no criminal record, a single mother of two daughters, and was employed as a dispatcher for the Cleveland Police Department ("CPD") at the time of the offense. McQuade was no longer with the CPD due to the incident but secured employment with a window cleaning company. Her current employer said she was an excellent employee. McQuade hoped to return to the CPD at some point.

{¶ 4} McQuade and the victim had children by the same father, a fact that fostered conflict between the mothers. At the sentencing hearing, McQuade apologized to the victim, and her family provided letters on her behalf. McQuade also stated that she had not been in contact with the victim for almost a year and would not contact her again.

{¶ 5} The victim advised the trial court that she blamed the father for exacerbating the problem. The protection order was secured because McQuade, either directly or through friends, had harassed and threatened the victim and her children.

{¶ 6} Defense counsel added that the current violation stemmed from McQuade driving by the victim's house and honking the horn. Counsel had also stressed to McQuade's family and friends that they were not to violate the protection order and that any violation would be treated as contact by McQuade.

{¶ 7} McQuade was sentenced to community-control sanctions for five years on each count. The trial court reiterated that any violation of the protection order by McQuade's family or friends would land McQuade in prison because they served as an extension of McQuade. "And understand that there's no trial on a probation violation. I can hear hearsay, somebody can call me up, and I can use that to send you to prison." (Tr. 50-51.) McQuade was also informed that there would be no early release if probation was violated and that there would not be a second chance, "especially on this case." (Tr. 49.)

{¶ 8} In addition to following the standards of probation and instructions of the probation officer, the conditions included:

> No drugs or alcohol.
>
> Do not patronize any location where drugs and/or alcohol are sold, served, or used. This includes but is not limited to restaurants, bars, sporting venues, concerts, family weddings, backyard barbeques, private parties, political events, etc.
>
> The defendant must submit to random testing. When requested, the defendant must know the hours of the lab and when specimens are taken.

Journal entry No. 131837228, p. 1 (Oct. 25, 2022.)

{¶ 9} McQuade assigns a single error:

The trial court unreasonably imposed community control sanctions that were not related to rehabilitation, administering justice, or ensuring good behavior when it prohibited Ms. McQuade for five years from using alcohol or being near any location where alcohol was sold, served, or used.

{¶ 10} "R.C. 2929.15(A)(1) governs the authority of the trial court to impose conditions of community control." *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10. The section provides that "the trial court may impose one or more community sanctions, including residential, nonresidential, and financial sanctions, and any other conditions that it considers 'appropriate.'" *Id.* "The General Assembly has thus granted broad discretion to trial courts in imposing community-control sanctions." *Id.*

{¶ 11} An appellate court reviews a trial court's imposition of community-control sanctions for an abuse of discretion. *State v. Cintron*, 8th Dist. Cuyahoga No. 110600, 2022-Ohio-305, ¶ 18, citing *id*. "A court abuses its discretion when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices." *State v. Hackett*, 164 Ohio St.3d 74, 2020-Ohio-6699, 172 N.E.3d 75, ¶ 19.

{¶ 12} "[A] court will not be found to have abused its discretion in fashioning a community-control sanction as long as the condition is reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior." *State v. Chapman*, 163 Ohio St.3d 290, 2020-Ohio-6730, 170 N.E.3d 6, ¶ 8, citing *Talty* at ¶ 12. "Further, a condition ""cannot be overly broad so as to

unnecessarily impinge upon the probationer's liberty.""'" *Id.*, quoting *id.* at ¶ 13, quoting *State v. Jones*, 49 Ohio St.3d 51, 52, 550 N.E.2d 469 (1990).

{¶ 13} In *Jones*, the court "established a three-part test to assess whether a community-control condition is reasonably related to the goals of community control." *Chapman* at ¶ 23. "A court must 'consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.'" *Id.*, quoting *Jones* at 53.

{¶ 14} McQuade argues that the alcohol restrictions have no relationship to the convictions in this case. As the trial court was advised at the sentencing hearing, McQuade had no history of alcohol or substance abuse. McQuade also argues that the condition "fails to promote the interests of justice, and instead works contrary to rehabilitation by chilling and straining relationships with family and friends." Appellant's brief, p. 4.

{¶ 15} McQuade relies on this court's decision in *State v. Mahon*, 8th Dist. Cuyahoga No. 106043, 2018-Ohio-295. Mahon was convicted of one count of unlawful use of a telecommunications device. *Id.* at ¶ 1. The community-control conditions imposed included that Mahon was prohibited from consuming drugs or alcohol and attending any function or place where drugs or alcohol were used, sold, or served. This court determined that the restrictions did not meet the *Jones* test

and declared that there must be a nexus between the crime and the use of drugs or alcohol to support the imposition of the community-control conditions.

{¶ 16} As is true in the instant case, the record in *Mahon* "contain[ed] no mention whatsoever of drugs or alcohol having been involved in the incident for which Mahon was convicted." *Id.* at ¶ 11. As is also true in the instant case, there was no indication that Mahon had a history of alcohol or drug abuse "that could possibly support the trial court's desire to rehabilitate" Mahon. *Id.* Thus, the record in the instant case supports that the trial court abused its discretion when it imposed the drug and alcohol community control-conditions.

{¶ 17} The state concedes the error. Thus, McQuade's sole assignment of error is sustained for failure to meet the *Jones* test. We vacate the portions of the sentencing entry that provide:

No drugs or alcohol.

Do not patronize any location where drugs and/or alcohol are sold, served, or used. This includes but is not limited to restaurants, bars, sporting venues, concerts, family weddings, backyard barbeques, private parties, political events, etc.

The defendant must submit to random testing. When requested, the defendant must know the hours of the lab and when specimens are taken.

{¶ 18} The quoted portion of the stated judgment regarding the drug and alcohol conditions is vacated and the case is remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR