[Cite as *State v. Moore*, 2023-Ohio-1819.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                                 No. 112289

    v.                            :

RAYVONNE MOORE,                         :

    Defendant-Appellant.          :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED IN PART, VACATED IN PART,
                AND REMANDED
**RELEASED AND JOURNALIZED:** June 1, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-662360-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Omar Lebron Siddiq, Assistant Prosecuting
Attorney, *for appellee.*

Law Offices of Fernando Mack and Carlos Johnson and
Brandon Marsalis Summers, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Rayvonne Moore ("Moore") appeals the terms

of his sentence to community-control sanctions. Pursuant to Loc.App.R. 16(B),

plaintiff-appellee, state of Ohio, concedes this error. After a thorough independent review of the record and law, we reverse in part, vacate in part, and remand.

**Factual and Procedural History**

{¶ 2} This incident stems from a traffic stop where Moore was found to have a loaded firearm in his possession. On September 8, 2021, a Cuyahoga County Grand Jury indicted Moore on one count of improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(B), with a forfeiture specification.

{¶ 3} On October 6, 2021, Moore pleaded not guilty. The parties conducted discovery, and the court held pretrial hearings between October 18, 2021, and April 25, 2022. On June 6, 2022, Moore failed to appear for trial. The court issued a capias, and on September 14, 2022, the court obtained custody of Moore.

{¶ 4} On October 18, 2022, Moore accepted a plea deal and entered a guilty plea to the amended charge of attempted improperly handling of firearms in a motor vehicle, with forfeiture specifications. The trial court referred Moore for a presentence investigation.

{¶ 5} The presentence-investigation report ("PSI") reflects Moore's arrest in 2021 for driving while under the influence of drugs or alcohol in violation of R.C. 4511.19(A)(1)(a); failure to comply with a police officer's order in violation of R.C. 2921.331; and possession of marijuana in violation of R.C. 2925.11(C)(3).[1] The trial court dismissed the charges related to possession of marijuana, and Moore pleaded

---

[1] The 2021 cases are referenced as Sandusky C.P. Nos. 21CRB274, 21CRA273, and 21TRC3149A.

no contest to the amended charges of willfully eluding or fleeing a police officer in violation of R.C. 2921.331(B) and having physical control of a vehicle while under the influence of drugs or alcohol in violation of R.C. 4511.194. The PSI also states that Moore denied being under the influence of drugs when arrested for the charges related to the instant case, and Moore reported infrequent alcohol consumption at "special occasions" and regular consumption of marijuana.

{¶ 6} On December 6, 2022, the trial court sentenced Moore to community-control sanctions for a period of five years and issued a sentencing judgment entry. At issue in this appeal is the trial court's imposition of the following community-control sanctions: (1) no drugs or alcohol; (2) random drug testing; and (3) daily attendance at a 12-step program with specific requirements as to regularity of participation and engagement with a sponsor.

{¶ 7} From the trial court's order imposing community-control sanctions, Moore filed a timely notice of appeal on January 5, 2023, presenting a single assignment of error:

> When there was no connection between the crime for which Mr. Moore was being sentenced and substance use[,] the trial court abused its discretion in prohibiting Mr. Moore from any place or event in which alcohol is being consumed; requiring the random testing of Mr. Moore for alcohol or drug consumption; and requiring Mr. Moore's participation in AA.

**Legal Analysis**

{¶ 8} An appellate court reviews the trial court's imposition of community-control sanctions for an abuse of discretion. *State v. Cooper*, 2016-Ohio-8048, 75

N.E.3d 805, ¶ 31 (8th Dist.), citing *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10. Although a trial court "is granted broad discretion in imposing community control sanctions, its discretion is not limitless." *State v. White*, 10th Dist. Franklin No. 14AP-1027, 2015-Ohio-3844, ¶ 5, citing *Talty* at ¶ 11.

{¶ 9} R.C. 2929.15(A) authorizes a trial court to impose financial sanctions, "as well as any other conditions of release under a community control sanction that the court considers appropriate." *Cooper* at ¶ 32, citing *Talty* at ¶ 10. Community-control conditions, however, must not be overbroad and must be reasonably related to the goals of community control: "rehabilitation, administering justice, and ensuring good behavior." *State v. Mahon*, 8th Dist. Cuyahoga No. 106043, 2018-Ohio-295, ¶ 7, quoting *Talty* at ¶ 16.

{¶ 10} In determining whether community-control sanctions are reasonably related to these goals, the Ohio Supreme Court has stated that courts must consider "'whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to the conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.'" *Talty* at ¶ 12, quoting *State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469 (1990). All three prongs of this test must be satisfied for the reviewing court to find that the trial court did not abuse its discretion. *Mahon* at ¶ 8, citing *White* at ¶ 10. Further, the conditions "'cannot be overly broad so as to unnecessarily impinge upon the offender's liberty.'" *Talty* at ¶ 13, quoting *Jones* at 52.

{¶ 11} Moore argues that the second factor of the *Jones* test is not met because the crime for which his sentence was imposed — attempted improperly handling of firearms in a motor vehicle with a forfeiture specification — involved neither drug nor alcohol use. Moore also notes that pursuant to the first prong of the *Jones* test, drug- and alcohol-based community-control conditions are irrelevant to his rehabilitation. Lastly, in respect to *Jones'* third prong, Moore argues that the record does not indicate his substance use "is problematic" or relates to his future criminality. Our review of the record reveals that the trial court's community-control sanctions relating to drug and alcohol use do not satisfy the second prong of the *Jones* test.

{¶ 12} In regard to the second *Jones* factor, this court has previously required some nexus between an offender's crime and drug or alcohol use or abuse in order to uphold drug- and alcohol-related community-control sanctions. *See Strongsville v. Feliciano*, 8th Dist. Cuyahoga No. 96294, 2011-Ohio-5394 (finding the trial court abused its discretion in ordering defendant to have a drug and alcohol assessment and random drug and alcohol testing where the record is devoid of any mention of drugs or alcohol involvement); *Mahon,* 8th Dist. Cuyahoga No. 106043, 2018-Ohio-295 (finding the trial court abused its discretion when it imposed drug- and alcohol-related community-control sanctions when there was no mention of drugs or alcohol being involved in the underlying offense or that defendant had a history of drug or alcohol abuse); *State v. Brown*, 8th Dist. Cuyahoga No. 111173, 2022-Ohio-3233 (finding no nexus between defendant's conviction for criminal

nonsupport and a community-control prohibition on being anywhere alcohol is sold, served, or used); *State v. Clemons*, 8th Dist. Cuyahoga No. 111561, 2022-Ohio-4395 (finding that defendant's conviction of carrying a concealed weapon and defendant's possession of a small amount of marijuana at the time defendant was initially detained by police officers did not establish the necessary nexus to find drug- or alcohol-prohibitive community-control sanctions reasonable); and *State v. McQuade*, 8th Dist. Cuyahoga No. 112158, 2023-Ohio-1483 (finding no relationship between underlying crimes of attempted violation of an anti-stalking protection order and telecommunications harassment and the trial court's imposition of drug and alcohol community-control sanctions).

{¶ 13} Here, the record shows that when the police officers arrested Moore for improperly handling a firearm in a motor vehicle, the officers found a suspected marijuana cigarette in the vehicle's center console. Yet, the underlying indictment did not include any charges related to marijuana. Further, nothing in the record supports the conclusion that Moore's possession of marijuana bore any nexus to his conviction of attempted improperly handling a firearm. The record also demonstrates that Moore's conviction bears no relation to alcohol use. Consistent with this court's precedent in *Feliciano*, *Mahon*, *Brown*, *Clemons*, and *McQuade*, we must find that the trial court's community-control sanctions that imposed drug and alcohol restrictions are unreasonable under the second prong of the *Jones* test, and this finding is dispositive of this appeal.

{¶ 14} The state concedes the error.  For the foregoing reasons, Moore's assignment of error is sustained for failure to satisfy the *Jones* test.  We vacate the following portions of the trial court's December 6, 2022 sentencing order imposing drug and alcohol-related prohibitions:

> No drugs or alcohol.
>
> Do not patronize any location where drugs and/or alcohol are sold, served, or used.  This includes but is not limited to restaurants, bars, sporting venues, concerts, family weddings, backyard barbeques, private parties, political events, etc. [2]
>
> The defendant must submit to random testing.  When requested, the defendant must know the hours of the lab and when specimens are taken.
>
> You must attend a 12-step program meeting every day for 90 days, thereafter, Sundays off and every other day Monday-Wednesday-Friday or Tuesday, Thursday, Saturday, not three times a week.
>
> Must have a same-sex sponsor within 30 days and must give his/her name and number to your probation officer.  Sponsor must have 10 years of sobriety.  No family, friends, or relatives allowed.
>
> Weekly meaningful meetings with your sponsor.  Keep a log and summary of your meeting.

---

[2] The trial court's December 6, 2022 sentencing judgment entry erroneously included the following sanction even though it was not imposed during the sentencing hearing:

> Do not patronize any location where drugs and/or alcohol are sold, served, or used.  This includes but is not limited to restaurants, bars, sporting venues, concerts, family weddings, backyard barbeques, private parties, political events, etc.

The trial court's error is moot since this court reverses and vacates the lower court's imposition of this community-control sanction.

**{¶ 15}** Judgment reversed in part, vacated in part, and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EMANUELLA D. GROVES, J., CONCUR