[Cite as *State v. Lynn*, 2023-Ohio-4429.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                      |   | JUDGES:                       |
|----------------------|---|-------------------------------|
| STATE OF OHIO        | : | Hon. W. Scott Gwin, P.J.      |
|                      | : | Hon. Patricia A. Delaney, J.  |
| Plaintiff-Appellee   | : | Hon. Andrew J. King, J.       |
|                      | : |                               |
| -vs-                 | : |                               |
|                      | : | Case No. 23 CA 000012         |
| RICHARD W. LYNN      | : |                               |
|                      | : |                               |
| Defendant-Appellant  | : | OPINION                       |

CHARACTER OF PROCEEDING:          Appeal from the Guernsey County Court of
                                  Common Pleas, Case No. 20CR182

JUDGMENT:                         Reversed and Remanded

DATE OF JUDGMENT ENTRY:           December 6, 2023

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JASON R. FARLEY                           DAVID V. PATTON
Assistant Guernsey County Prosecutor      341 Aurora Road, Ste. 242
627 Wheeling Avenue                       Solon, OH 44139
Cambridge, OH 43725

*Gwin, P.J.*

{¶1} Defendant-appellant Richard W. Lynn ["Lynn"] appeals from the May 2, 2023 Judgement Entry of the Guernsey County Court of Common Pleas that denied his post sentence motion to lawfully use medical marijuana while serving community control sentence.

*Facts and Procedural History*

{¶2} On August 12, 2020, the Guernsey County Grand Jury returned an Indictment charging Lynn with one count of Felonious Assault, a felony of the second degree in violation of R.C. 2903.11(A)(1)/(D)(1)(a).

{¶3} On April 14, 2021, Lynn entered an *Alford* plea to one count of attempted felonious assault, a felony of the third degree in violation of R.C. 2923.02/2903.11(A)(1). [Docket Entry No. 97].

{¶4} On May 28, 2021, the trial judge sentenced Lynn to a 24-month term of incarceration. [Docket Entry No. 106]. That sentence was suspended, and the trial judge ordered Lynn to serve a sentence "up to six (6) months in the Guernsey County Jail." Id. The trial judge further ordered that upon completion of the jail sentence, Lynn be placed on three years of community control, subject to the general supervision and control of the Adult Probation Department. Lynn was ordered to serve the community control sentence subject to, among other conditions, the condition that Lynn "shall abstain from consuming alcohol and from using illegal/non-prescribed drugs during his period of supervision." Id. at page 3, ¶7(A).

{¶5} On April 28, 2022, the State of Ohio Board of Pharmacy ("Pharmacy Board") issued to Lynn an Ohio Medical Marijuana Control Program registry identification card pursuant to R.C. Chapter 3796 and Ohio Adm.Code 3796.

{¶6} On April 5, 2023, Lynn, through counsel, filed a motion in the trial court seeking a modification of his community control conditions such that he be allowed to lawfully use medical marijuana while on community control. [Docket Entry No. 122]. By Judgment Entry filed April 5, 2023, the trial judge scheduled Lynn's motion for a non-oral administrative review hearing on April 26, 2023. [Docket Entry No. 123]. The judge instructed all parties that they need not appear; however, all pleadings/information that the judge should consider should be filed and served on opposing counsel by the day of the hearing.

{¶7} On April 24, 2023, Lynn, through counsel, filed a supplement to the modification motion to record the fact that he timely renewed his registry identification card. [Docket Entry No. 126]. On April 25, 2023, the state filed a response to Lynn's motion. [Docket Entry No. 127].

{¶8} On May 2, 2023, the trial court denied Lynn's modification motion, stating, "The Court, after review, finds [Lynn's] motion should be and hereby is DENIED."

*Assignments of Error*

{¶9} Lynn raises ten Assignments of Error,

{¶10} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION BECAUSE THE DEFENDANT HAS THE RIGHT TO DO SO UNDER THE

CRUEL AND UNUSUAL PUNISHMENT CLAUSE OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION.

{¶11} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION BECAUSE THE DEFENDANT HAS THE RIGHT TO DO SO UNDER THE CRUEL AND UNUSUAL PUNISHMENT CLAUSE OF OHIO CONSTITUTION, ARTICLE I, SECTION 9.

{¶12} "III.  THE TRIAL COURT'S ORDER DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION FAILS THE RATIONAL BASIS TEST AND, THEREFORE, THE DEFENDANT HAS THE RIGHT TO DO SO UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.

{¶13} "IV.  THE TRIAL COURT'S ORDER DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION FAILS THE RATIONAL BASIS TEST AND, THEREFORE, THE DEFENDANT HAS THE RIGHT TO DO SO UNDER THE EQUAL PROTECTION CLAUSE OF THE OHIO CONSTITUTION.

{¶14} "V. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION BECAUSE FUNDAMENTAL FAIRNESS REQUIRES THAT HE BE

PERMITTED TO DO SO UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.

{¶15} "VI. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION BECAUSE FUNDAMENTAL FAIRNESS REQUIRES THAT HE BE PERMITTED TO DO SO UNDER THE DUE COURSE OF LAW CLAUSE OF OHIO CONSTITUTION, ARTICLE I, SECTION 16.

{¶16} "VII. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION BECAUSE THE DEFENDANT HAS THE RIGHT TO DO SO UNDER OHIO CONSTITUTION, ARTICLE I, SECTION 21(B)'S RIGHT TO PURCHASE HEALTH CARE.

{¶17} "VIII. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION BECAUSE THE COMMUNITY CONTROL SANCTION STATUTES (R.C. 2929.15 AND 2929.17) ARE UNCONSTITUTIONAL AS APPLIED TO THE DEFENDANT.

{¶18} "IX. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON

PROBATION BECAUSE THE TRIAL COURT'S SENTENCING ORDER VIOLATES THE DEFENDANT'S STATUTORY RIGHT TO USE MEDICAL MARIJUANA PURSUANT TO R.C. 3796.22(A) (1)

{¶19} "X. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION BECAUSE THE TRIAL COURT'S COMMUNITY CONTROL SANCTIONS REGARDING MEDICAL MARIJUANA FAIL TO SATISFY ANY OF THE *TALTY* FACTORS."

## X.

{¶20} Lynn challenges the trial judge's refusal to allow him to use medical marijuana while under community control sanctions on both constitutional and non-constitutional grounds. It is well settled that we should not reach constitutional issues unless absolutely necessary. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201; *citing in re Miller*, 63 Ohio St.3d 99, 110, 585 N.E.2d 396(1992); *Hall China Co. v. Pub. Util. Comm.*, 50 Ohio St.2d 206, 210, 4 O.O.3d 390, 364 N.E.2d 852(1977). To determine the necessity of a constitutional analysis, therefore, we must first decide whether Lynn's non-constitutional arguments are dispositive.

{¶21} We will address Lynn's Tenth Assignment of Error first because we find it to be dispositive.

{¶22} In his Tenth Assignment of Error, Lynn maintains that the trial judge abused his discretion when he denied Lynn's request to be allowed to use medical marijuana while under community control sanctions because the restriction is overly broad on non-

constitutional grounds in violation of *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201. We agree.

**Standard of Appellate Review**

**{¶23}** R.C. 2929.15(A)(1) governs the authority of the trial court to impose conditions of community control. We review the trial court's imposition of community-control sanctions under an abuse-of-discretion standard. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶10. This means courts must "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *State v. Jones,* 49 Ohio St.3d 51, 53, 550 N.E.2d 469(1990) (citations omitted).

**{¶24}** "The requirement that a condition may not be overbroad is connected to the reasonableness of a condition." *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 14. The availability of "ready alternatives" is evidence that a condition is unreasonable. Id. In short, "*Jones* stands for the proposition that probation conditions must be reasonably related to the statutory ends of probation and must not be overbroad. Because community control is the functional equivalent of probation, this proposition applies with equal force to community-control sanctions." Id. at ¶ 16. *State v. Allen*, 2nd Dist. Clark No. 2023-CA-6, 2023-Ohio-3655, ¶ 42

**{¶25}** An abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence.

*Tennant v. Gallick*, 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; *In re Guardianship of S.H.*, 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi*, 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823, ¶54.

**Issue for Appellate Review:** *Whether the trial judge's decision not to allow Lynn to use medical marijuana while under community control sanctions is clearly untenable, legally incorrect, amounts to a denial of justice, or reaches an end or purpose not justified by reason and the evidence*

### Medical Marijuana in Ohio

**{¶26}** In 2016, Ohio House Bill 523 legalized medical marijuana in Ohio and created the Ohio Medical Marijuana Control Program, allowing people with certain medical conditions, upon the recommendation of an Ohio-licensed physician, to purchase and use medical marijuana. The Ohio Medical Marijuana Control Program is administered by three state agencies: the Ohio Department of Commerce, State of Ohio Board of Pharmacy, and the State Medical Board of Ohio. On January 16, 2019, four Ohio dispensaries began selling medical marijuana to patients and caregivers. Today, patient access to medical marijuana products continues to grow while the Department works to build a sophisticated and mature medical marijuana regulatory framework. [1]

**{¶27}** The Ohio Department of Commerce is tasked with licensing, administering, monitoring, and developing and enforcing rules for medical marijuana cultivators, processors, and testing laboratories. Additionally, the Department is responsible for

---

[1] https://com.ohio.gov/divisions-and-programs/medical-marijuana-control-program/about-mmcp (accessed Nov. 21, 2023).

implementing an electronic database for compliance monitoring and production control from seed to sale in accordance with the Ohio Revised Code.[2]

{¶28} The State of Ohio Board of Pharmacy is responsible for the licensing and regulation of dispensaries, and the registration of patients and caregivers.

{¶29} The Ohio State Medical Board is responsible for certifying physicians to recommend medical marijuana and may add to the list of qualifying conditions for which medical marijuana can be recommended.[3]

{¶30} Physicians interested in recommending the use of medical marijuana for patients must apply for a certificate to recommend from the State Medical Board of Ohio.[4] The requirements for a physician to obtain a certificate to recommend medical marijuana are set forth in Ohio Adm.Code 4731-32-02. In addition, in order to practice within the minimal standards of care when recommending treatment with medical marijuana, physicians shall comply with the Standard of Care set forth in Ohio Adm.Code 4731-32-03, which states, in part,

> (A) The physician shall establish and maintain a bona fide physician-patient relationship with the patient for the provision of medical services that is established in an in-person visit that complies with this rule and for which there is an expectation that the physician will provide care to the patient on an ongoing basis.

---

[2] See note 1.
[3] See, Note 1.
[4] https://medicalmarijuana.ohio.gov/physicians  (accessed Nov. 21, 2023),

(B) The physician shall create and maintain a medical record that documents the provision of medical services. The documentation shall include all of the following:

(1) Patient's name and date or dates of office visits or treatments;

(2) A description of the patient's current medical condition;

(3) Documented assessment of the patient's medical history, including relevant prescription history and any history of substance use disorder;

(4) Documented review of any available relevant diagnostic test results;

(5) Documented review of prior treatment and the patient's response to the treatment;

(6) Documented review of the patient's current medication to identify possible drug interactions, including benzodiazepines and opioids.

(7) Documented review that standard medical treatment has been attempted or considered. If standard medical treatment is not attempted, the physician must document the reasons that standard medical treatment is not appropriate for this patient;

(8) Based on evidence or behavioral indications of addiction or drug abuse, the physician may obtain a drug screen on the patient. It is within the physician's discretion to decide the nature of the screen and which type of drug to be screened;

(9) The physician's performance of a physical examination relevant to the patient's current medical condition;

(10) The physician's diagnosis of the patient's medical condition; and

(11) If the patient has been previously diagnosed with a qualifying medical condition as defined in section 3796.01 of the Revised Code, by a physician licensed to practice medicine under section 4731.14 or 4731.29 of the Revised Code, the physician may confirm the diagnosis so long as the physician obtains a copy of the medical records or a detailed written summary indicating the diagnosis and the physician is satisfied that he or she can rely on those records to confirm diagnosis of a qualifying condition. The practitioner shall maintain a copy of any record or report of any physician on which the physician relied for purposes of meeting the requirements under this paragraph.

{¶31} Obtaining medical marijuana through Ohio's Medical Marijuana Control Program involves three steps:

Visit a certified physician who can confirm that you have one of the medical conditions that qualify for medical marijuana and have the physician create your profile in the Patient & Caregiver Registry.

Confirm and complete your registration for the program through the Patient & Caregiver Registry.

Purchase medical marijuana from an Ohio dispensary with a certificate of operation from the Board of Pharmacy[5].

---

[5] https://medicalmarijuana.ohio.gov/patients-caregivers (accessed Nov. 21, 2023)

{¶32} Patient and caregiver rules are governed by Ohio Adm.Code 3796:7-2-01 & 3796:7-2-02. The State of Ohio has created a Quick-reference Guide to obtaining Medical Marijuana.[6]

{¶33} The State of Ohio Board of Pharmacy is responsible for:

Operating the patient and caregiver registry

Licensing of retail dispensaries

Licensing of dispensary employees

Managing the toll-free helpline

Approving new forms of medical marijuana

Reviewing and assigning product identifiers for medical marijuana

products[7]

{¶34} The "Qualifying medical conditions" for which medical marijuana can be recommended are set forth in Ohio Adm.Code 3796.01(6).

**How patients and caregivers lawfully obtain medical marijuana products**

{¶35} Before a prospective patient may lawfully obtain medical marijuana, he must first be placed on the Pharmacy Board's patient registry. See Ohio Adm.Code 3796:7-2-01(A). To qualify for placement on the patient registry, a prospective patient must: (1) establish and maintain a bona fide physician-patient relationship with the recommending physician, (2) receive a diagnosis or confirmation of a "qualifying medical condition" from the recommending physician, (3) consent to treatment with medical marijuana, (4) pay

---

[6] https://medicalmarijuana.ohio.gov/Documents/PatientsCaregivers/How%20to%20Obtain%20Medical%20Marijuana.pdf (accessed Nov. 21, 2023)

[7] https://com.ohio.gov/divisions-and-programs/medical-marijuana-control-program/about-mmcp/pharmacy-board (accessed Nov. 21, 2023)

the required fee to the Pharmacy Board, and (5) be an Ohio resident or be subject to a reciprocity agreement. See Ohio Adm.Code 3796:7-2-01 (B). To maintain one's patient registry, the patient must renew annually with the Pharmacy Board.

{¶36} Patients and caregivers may purchase medical marijuana products only at licensed dispensaries. See Ohio Adm. Code 3796:7-2-04(A). Patients and caregivers must be over eighteen years old to purchase medical marijuana products. See Ohio Adm.Code 3796:7-2-04(B). Patients and caregivers must show proof of identity (e.g., an unexpired Ohio driver's license) and their registry identification card before entering a dispensary or purchasing medical marijuana products. See Ohio Adm.Code 3796:7-2-04(C)-(E). Patients and caregivers are also subject to several other restrictions, legal duties, and obligations. See Ohio Adm.Code 3796:7-2-05.

### Lawful forms of medical marijuana

{¶37} R.C. 3796.06(A) provides: "Only the following forms of medical marijuana may be dispensed under this chapter: (1) Oils; (2) Tinctures; (3) Plant material; (4) Edibles; (5) Patches; [and] (6) Any other form approved by the state board of pharmacy under section 3796.061 of the Revised Code." "The smoking or combustion of medical marijuana is prohibited." R.C. 3796.06(B)(1). "Any form [of medical marijuana] or method [of consumption] that is considered attractive to children, as specified in rules adopted by the [Pharmacy Board], is prohibited." R.C. 3796.06(C).

### Freedom from arrest or prosecution

{¶38} R.C. 3796.22 mandates that qualifying individuals who obtain an Ohio Medical Marijuana Control program registry identification card will not be arrested or prosecuted for possessing or using medical marijuana,

(A) Notwithstanding any conflicting provision of the Revised Code, a patient registered under this chapter who obtains medical marijuana from a retail dispensary licensed under this chapter may do both of the following:

(1) Use medical marijuana;

(2) Possess medical marijuana, subject to division (B) of this section;

(3) Possess any paraphernalia or accessories specified in rules adopted under section 3796.03 of the Revised Code.

(B) The amount of medical marijuana possessed by a registered patient shall not exceed a ninety-day supply, as specified in rules adopted under section 3796.03 of the Revised Code.

(C) *A registered patient shall not be subject to arrest or criminal prosecution for doing any of the following in accordance with this chapter:*

*(1) Obtaining, using, or possessing medical marijuana;*

*(2) Possessing any paraphernalia or accessories specified in rules adopted under section 3796.03 of the Revised Code.*

(D) This section does not authorize a registered patient to operate a vehicle, streetcar, trackless trolley, watercraft, or aircraft while under the influence of medical marijuana.

Emphasis added. Thus, by its express terms the Legislature has authorized citizens who obtain an Ohio Medical Marijuana Control program registry identification card to use and possess medical marijuana, and has furthered agreed not to arrest or prosecute any such citizen for using and possessing medical marijuana. In other words, the statute renders possession of marijuana noncriminal for a qualified patient. By analogy, the possession

and use of marijuana in accordance with the statutes and rules promulgated thereunder is as lawful as the possession and acquisition of any prescription drug. *City of Garden Grove v. Superior Court,* 68 Cal.Rptr.3d 656, 157 Cal.App.4th 355, 372(2008).

{¶39} We note that some states have found a probation term that threatens to revoke community control for medical marijuana use or possession that complies with the terms of the state's medical marijuana law is unenforceable. *See*, *Reed-Kaliher v. Hoggatt*, 237 Ariz. 119, 121, 347 P.3d 136 (2015); *People v. Tilehkooh,* 113 Cal.App.4th 1433, 7 Cal.Rptr.3d 226(2003), (the court held the [Medical marijuana Act] "provides a defense to a probation revocation based on marijuana possession or use." Id. at p. 1445, 7 Cal.Rptr.3d 226); *City of Garden Grove v. Superior Court,* 68 Cal.Rptr.3d 656, 157 Cal.App.4th 355 (2008). Similarly, the appellate courts in Oregon have held that sentencing courts may not impose probation conditions that conflict with a defendant's rights under the Oregon Medical Marijuana Act. *See, e.g.*, *State v. Miller*, 299 Or. App. 515, 516-517, 450 P.3d 578 (2019); *State v. Rhamy*, 294 Or. App. 784, 785, 431 P.3d 103 (2018); State *v. Bowden*, 292 Or. App. 815, 818-819, 425 P.3d 475 (2018).

{¶40} However, in those cases, the state's medical marijuana statutes are much broader than Ohio's. For example, "a registered qualifying patient ... is not subject to arrest, prosecution or penalty *in any manner*, *or denial of any right or privilege, including any civil penalty or disciplinary action by a court or occupational or professional licensing board or bureau"* for the patient's "medical use of marijuana pursuant to [the act.]" *See*, *Reed-Kaliher v. Hoggatt*, 237 Ariz. 119, 347 P.3d 136, ¶8. (emphasis added).

{¶41} Courts in other states, such as Maine, California, and Michigan have routinely held that a defendant's use of medical marijuana may be denied or restricted if

his or her conviction bears a logical relationship to potential drug use, such as possession of controlled substance with or without the intent to distribute, sale of a controlled substance, driving while intoxicated or ability impaired by drugs, and possession of a firearm by a felon. *See, United States v. Friel*, 699 F.Supp.2d 328, 330 (D. Me. 2010), [defendant who was convicted of possession of marijuana with intent to distribute and possession of a firearm was not permitted to use medical marijuana while on probation]; *People v. Magyari*, 2017 WL 127744 (Mich Ct. App. Jan. 12, 2017)[defendant who was convicted of driving while intoxicated and driving without a valid license was not permitted use of medical marijuana while on probation]. *People v. Stanton*, 60 Misc.3d 1020, 1025, 80 N.Y.S.3d 888, 892 (2018). These states are more in line with the Ohio Supreme Court's decision in *Talty.*

{¶42} There is no dispute that Lynn possessed a valid Ohio Medical Marijuana Control program registry identification card issued by the Ohio State Board of Pharmacy pursuant to R.C. 3796 *et seq.* and Ohio Adm.Code 3796 *et seq.* This establishes that Lynn has a "qualifying medical condition" within the meaning of R.C. 3796.01(A)(6). It further establishes that Lynn has established and maintained a bona fide physician-patient relationship with the recommending physician, (ii) received a diagnosis or confirmation of a "qualifying medical condition" from the recommending physician, (iii) consented to treatment with medical marijuana, (iv) [paid] the required fee to the Pharmacy Board, and (v) [is] an Ohio resident or be subject to a reciprocity agreement. See Ohio Adm.Code 3796:7-2-01(B). In addition, the fact that Lynn had a valid program registry identification card establishes that Lynn obtained a recommendation from a physician who holds a certificate to recommend marijuana from the State of Ohio Medical

Board and who has complied with the appropriate criteria for issuing the recommendation. *See* R.C. 4731.30(B)(2); See R.C. 4731.30(C)(1); Ohio Adm.Code 4731-32-03 (Standard of care).

### The *Talty requirements for community control sanction conditions*

### *(1) Is the condition reasonably related to rehabilitating Lynn*

**{¶43}** Lynn had a medical marijuana registration card. There is no indication that Lynn has used marijuana in violation of the act since obtaining the card. A person's use of medical marijuana that otherwise complies with the terms of the law is not illegal.

**{¶44}** As one court has observed, "The Defendant is a qualifying patient of medical marijuana pursuant to New York Public Health Law, and has a valid prescription for medical marijuana from a licensed physician associated with the New York State Medical Marijuana Program. Prohibiting medical marijuana in this case would hardly serve any lawful and logical relation to the Defendant's rehabilitation." *People v. Stanton,* 80 N.Y.S.3d 888, 892-893, 2018 N.Y. Slip. Op. 28221, 60 Misc.3d 1020, 1026 (2018).

**{¶45}** In other words, "A rehabilitative purpose is not served when the probation condition proscribes the lawful use of marijuana for medical purposes pursuant to section 11362.5 any more than it is served by the lawful use of a prescription drug." *People v. Tilehkooh,* 113 Cal.App.4th 1433, 1444, 7 Cal.Rptr.3d 226 (2003).

**{¶46}** The state's citation to *State v. Hutching,* 8th Dist. Cuyahoga No. 100735, 2014-Ohio-4675 is not dispositive. In that case, the appellant raised only constitutional challenges to the prohibition against the use of medical marijuana. The appellant did not raise non-constitutional grounds for invalidating the provision, nor did the Court of Appeals address the challenge as overbroad under *Talty.*

*(2) Does the condition have some relationship to the crime of which the*

*offender was convicted*

**{¶47}** In *State v. Dahlberg*, 11th Dist. Ashtabula No. 2020-A-0030, 2021-Ohio-550, the court held that the trial court had discretion to include prohibiting marijuana, even if legalized. Id. at ¶ 82-83. The court found a clear relationship with the various criminal offenses that were committed (drug use and illegal firearms in a motor vehicle) and that it was "necessary for the court to take into consideration known drug use in fashioning a sentence that would 'rehabilitate the offender' and prevent future crime." Id. at ¶ 83; *State v. Bourne,* 11th Dist. Geauga No. 2023-G-0003, 2023-Ohio-2832, ¶ 29. Similarly, in *State v. Ryan*, 11th Dist. Lake No. 2021-L-032, 2021-Ohio-4059, the court found "it is clear that prohibiting [the appellant] from using marijuana or having it under his control is reasonably related to rehabilitation, the crimes he committed, and serves the ends of probation, i.e., [the appellant] pleaded guilty to trafficking in drugs and aggravated possession of drugs." Id. at ¶ 34. In addition, the trial court's restrictions were acknowledged and agreed to by the appellant despite the possession of an active medical marijuana card at the time of his sentencing. Id. at ¶ 32; *State v. Bourne*, 11th Dist. Geauga No. 2023-G-0003, 2023-Ohio-2832, ¶ 30.

**{¶48}** In *State v. McQuade,* 8th Dist. Cuyahoga No. 112158, 2023-Ohio-1483, the court invalidated a condition imposed on the defendant by the trial court that he abstains from using alcohol while on community control. The Court of Appeals reasoned,

As is true in the instant case, the record in [*State v.*] *Mahon*, [8th Dist. Cuyahoga No. 106043, 2018-Ohio-295] "contain[ed] no mention whatsoever of drugs or alcohol having been involved in the incident for

which Mahon was convicted." Id. at ¶ 11. As is also true in the instant case, there was no indication that Mahon had a history of alcohol or drug abuse "that could possibly support the trial court's desire to rehabilitate" Mahon. Id. Thus, the record in the instant case supports that the trial court abused its discretion when it imposed the drug and alcohol community control-conditions.

*State v. McQuade*, 8th Dist. Cuyahoga No. 112158, 2023-Ohio-1483, ¶ 16. Several Ohio courts have required some nexus between an offender's crime and drug or alcohol abuse in order to uphold an alcohol-related community-control condition. *State v. Mahon*, 8th Dist. Cuyahoga No. 106043, 2018-Ohio-295, ¶ 9, *citing Strongsville v. Feliciano*, 8th Dist. Cuyahoga No. 96294, 2011-Ohio-5394 (finding the trial court abused its discretion in ordering defendant to have a drug and alcohol assessment and random drug and alcohol testing where the record is devoid of any mention of drugs or alcohol involvement); *State v. Chavers,* 9th Dist. Wayne No. 04CA0022, 2005-Ohio-714 (finding an abuse of discretion in ordering defendant not to consume alcohol or visit a bar that serves alcohol where nothing in the record indicated that alcohol was involved in the crime or the offender's past criminal history); *State v. Wooten*, 10th Dist. Franklin No. 03AP-546, 2003-Ohio-7159 (finding an abuse of discretion in requiring defendant to undergo drug assessment, possess no alcohol, and submit to random urinalysis where record lacked evidence linking offender's connection to drugs or alcohol); *State v. Brown*, 8th Dist. Cuyahoga No. 111173, 2022-Ohio-3233, ¶ 12.

**{¶49}** In the case at bar, Lynn's conviction is for Attempted Felonious Assault, a felony of the third degree. [Docket Entry Nos. 97; 106]. The state points to nothing in the

record to indicate that drugs or alcohol were involved in the offense. A single past conviction for an offense involving alcohol is not justification for denying Lynn's use of medical marijuana in accordance with the law.

{¶50} The probationary condition of not using medical marijuana in this case does not have an obvious relationship to the crimes for which Lynn was convicted.

*(3) Does the condition relate to conduct which is criminal or reasonably related to future criminality and serve the statutory ends of probation*

{¶51} The Legislature has allowed Ohio citizens to use and possess medical marijuana, and has further agreed not to arrest or prosecute any Ohio citizen for using and possessing medical marijuana in accordance with the medical marijuana laws and regulations. The statute renders possession and use of marijuana noncriminal for a qualified patient using in accordance with the law.

{¶52} The absolute ban on using drugs, without making exceptions for lawful, medical marijuana use does not reasonably serve the ends of community control. The goals of community control readily may be served by imposing an alternative restriction.

{¶53} We note that the medical marijuana law is not applicable to the recreational use of marijuana, and thus, a trial court may impose probation conditions related to the recreational use of marijuana and revoke probation for such recreational use as well as for marijuana use in violation of the medical marijuana statues and regulations. Certainly, judges and probation officials may make reasonable inquiries into the lawfulness of a probationer's use of medical marijuana. *Gass v. 52nd Judicial District, Lebanon County,* 659 Pa. 590, 605, 232 A.3d 706, 715(2020). Moreover, just as a sentencing court may impose a condition that prohibits a defendant from abusing lawfully-obtained prescription

drugs, so may a court prohibit a defendant from abusing medical marijuana. Further, a sentencing court is free to impose limitations on the place of use that are reasonable.

{¶54} For the foregoing reasons, we hold that the absolute ban on using medical marijuana while on community control sanctions is overbroad under the facts of this case.

{¶55} Given our disposition, we need not address Lynn's constitutional and remaining non-constitutional challenges to the condition. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶25. Accordingly, we reverse the judgment of the trial court absolutely denying Lynn the right to use medical marijuana while under community control sanctions. We note that Lynn must produce a current, valid, Ohio Medical Marijuana Control program registry identification card before the trial judge may permit him to use medical marijuana while under community control sanctions.

{¶56} The judgment of the Guernsey County Court of Common Pleas is reversed and we remand the case to the trial court for further proceedings consistent with this opinion.

By Gwin, P.J.,

Delaney, J., and

King, J., concur